STEWART GEORGE vs. SKEATES & CO.

1. The courts will not construe a prior act to be repealed by a subsequent one, in the absence of express words of repeal, unless the provisions of the subsequent act are directly repugnant to the former; but when such repugnancy exists, the latter must prevail, and consequently the former is repealed to the extent that the provisions of the two acts are inconsistent with each other.

2. The act of 1836, (Clay's Dig. 139, § 22,) which required that all liens upon steam-boats and other water-crafts for materials, labor or stores furnished them, should be enforced, on or before the first day of July

*then next ensuing,* is repealed by the act of 1848, (Pamphlet Acts, 146,) which requires such levies to be enforced *within six months from the time of their creation.*

3. When a boat is seized under a libel of which the court issuing it has jurisdiction, all persons having liens upon the boat may intervene by petition, without regard to the amount of their claims.

4. Whether the claimant can raise the objection that the boat was not in the possession of the sheriff, nor within the control of the court, after joining issue upon the merits of the libel without an exceptive allegation to the jurisdiction of the court—Quere ?

5. When the record shows that the boat was actually sold under the order of the court, and that the proceeds were in the hands of the sheriff, it is too late to raise the objection for the first time that the court did not have the possession or control of the vessel.

Error to the City Court of Mobile. Tried before the Hon. Alex. McKinstry.

Pitman Saunders filed a libel in the City Court of Mobile against the steamboat Arkansas, No. 5, on the 1st July, 1850, to recover for damages done to cotton in its transportation from Wetumpka to Mobile. The sheriff took possession of the boat under a writ of seizure issued on the libel, and delivered her up to Wainright & Twelves who entered into bond, by which they stipulated to pay whatever judgment might be rendered on the libel. Afterwards they re-delivered her to the sheriff, and he returned the writ of seizure, showing all these facts in his return. Skeates & Co. filed their petition in the court, setting forth the proceedings which had been had on the libel, and claiming a lien upon the boat for materials and labor furnished her within the six months last preceding the filing of the petition, to the amount of $21 90. Other creditors of the boat also filed their petitions claiming liens on her for materials, work and labor.

Stewart George afterwards filed his answer to the libel, claiming to be the owner of the boat. The answer contains a demurrer to the libel, and a plea to the jurisdiction of the court, because the bill of lading showed that the cotton was to be shipped from Wetumpka to New Orleans, a place without the jurisdiction of the court. The claimant also denies the justice and correctness of the accounts which had been filed against the boat, and requires strict proof of them. At the August Term of the court, judgment was rendered, overruling the demurrer

and the plea to the jurisdiction; and after proof had been made of the accounts, a judgment was rendered in favor of the libellant for $165 34, and also in favor of Skeates & Co. for $21 90. At the same time an order was made "that the sheriff sell the said steam-boat, her tackle, apparel and furniture, and bring the proceeds into court for distribution pursuant to the statute;" and the sale was afterwards made accordingly, and the proceeds brought into court.

GIBBONS, for plaintiff in error:

1. The petition does not allege that the account of Skeates & Co. accrued since the first day of July last preceding, as required by the statute, (Clay's Dig. 139, § 22.) On the contrary, the petition itself and the exhibit thereto show that the account accrued previous to that day. The act of 1848 only repeals the first section of the act of 1836.

2. The claim is for less than fifty dollars, and there being no libel in court to which the petition could attach, the petition should have been dismissed for want of jurisdiction, if for no other reason; as even consent cannot give jurisdiction.

3. The court had no jurisdiction to decree a sale of the boat. The bond taken from Wainright & Twelves discharged the boat entirely from all further claims, and the bond stood in lieu of it. Richardson v. Cleaveland & Huggins, 5 Por. 251. The law of 1836, under which the bond was taken, is still in force, and the bond is good.—14 Ala. 727; 2 ib. 667; 9 Por. 111. As to what is a legal possession in Admiralty, see 1 Paine's C. C. R. 620. There is no necessity of pleading to the jurisdiction, when the want of jurisdiction is already apparent from the record.—1 Mason, 360. A plea is unnecessary, when it informs the court of no new fact. Inferior courts of special, limited jurisdiction, must have their jurisdiction shown upon the face of their proceedings, or their judgments and decrees are nullities.—5 Cranch, 174; 6 Wheat. 450; 9 ib. 541; 2 Cranch, 9; Ib. 126; 3 ib. 515. In the present case, the record shows that the boat was not in the custody of the law at all.

HAMILTON, contra:

1. There was no demurrer to the petitions. The answer of George makes no objection to the petition, other than calling for

proof. An answer to the demurrer to the original libel is to be found in the statute.—Pamph. Acts, 1845, 24; Clay's Dig. 139, § 24.

2. The court had jurisdiction of the petition. The averments are insufficient.

When applications by petition are proper.—Dunl. Adm. 129.

The amount of the claim is no objection. The boat was in the custody of the City Court, and the petitioners of necessity followed her into that court; for a sale by order of that court would have vested the boat in the purchaser, free of petitioner's lien.

Exceptions to the jurisdiction must be presented in *propria persona*, and under oath.—Dunl. Adm. Pr. 199-200.

There is no error in the proceedings of the court, in ordering a sale of the boat. The court was lawfully in the possession of the boat, and any irregularities, if such ever existed, are cured by the appearance and pleas to the libel, filed by the defendant George.—1 Mason, 100; 2 Ala. 738; 3 Dall. 87; 3 Ala. 32; Ware's R. 367; 1 Gallis. 75; 9 Por. 180; 9 Wheat. 400.

DARGAN, C. J.—It is insisted that the court erred in rendering a decree in favor of the defendants in error, for the reason that the allegations of their petition do not show that the materials and labor were furnished for the use of the boat, subsequent to the first day of July preceding the filing of the petition. The act of 1836 required that all liens upon steam-boats and other water crafts, which arose by furnishing such boats with materials, labor or stores, should be enforced on or before the first day of July then next ensuing, and if not enforced on or before that day, such liens should cease to exist.—See Clay's Dig. 139. But by the act of the 3d of February, 1848, it is enacted, that all liens upon steam-boats for furnishing materials, labor or stores, shall cease to exist, unless the same shall be enforced within six months after such materials, labor or stores, shall have been furnished. It was the manifest intention of the Legislature to allow to all who might have liens upon boats, six months within which to enforce them; and this intention, which we must carry out, is directly repugnant to that portion of the act of 1836 requiring such liens to be enforced on or before the first day of July next following the furnishing of the materials,

labor or stores, whereby the liens arose. Under the act of 1836, some creditors might have nearly a year within which to enforce their liens, whilst others might have but a few days. This is plainly repugnant to the intention of the act of 1848, which allows to all six months, and six months only, within which their liens must be enforced; and as the intention of the act of 1848 is plainly repugnant to that portion of the act of 1836 to which we have referred, we must give effect to the act of 1848, at the expense of the act of 1836. It is true that courts will not construe a prior act to be repealed by a subsequent one, in the absence of express words of repeal, unless the provisions of the subsequent act are directly repugnant to the former. But when such repugnancy exists, the latter must prevail, and the consequence is, that the former is repealed to the extent that the provisions of the two acts are inconsistent with each other. As the act of 1848 allows all six months within which to enforce their liens, it necessarily repeals so much of the act of 1836 as requires such liens to be enforced on or before the first day of July next ensuing their creation. The petition in this case shows that the materials and labor were furnished within six months previous to its being filed; it therefore shows a lien on the boat for the satisfaction of the claim.

It is also objected, that the court did not have jurisdiction of the amount claimed in the petition, it being for twenty-one dollars $\frac{90}{100}$. It must be admitted that the petitioners could not have filed an original libel in the City Court of Mobile for an amount less than fifty dollars; for all sums under this amount are exclusively within the jurisdiction of a justice of the peace, whether the remedy be sought according to the forms of the common law courts, or the courts of admiralty; yet we think that when a boat is seized under a libel, of which the City Court has jurisdiction, we should then allow all to intervene by way of petition, without regard to the amount of their claims; otherwise those claiming sums under fifty dollars would be without remedy, for the boat being in the custody of the law, the justice could not proceed against it, or its proceeds when sold. And if the court, having the possession of the boat, could not take cognizance of such claims, in the administration of the proceeds of the boat, the parties would lose their liens, and have to look to the personal responsibility of the owners alone. The correct rule I

conceive to be this: whenever a court has the possession of the *rem*, or its proceeds, it will do justice to all who have claims upon it, without regard to the magnitude of their claims, for having jurisdiction over the *rem* and the right to order its sale, the court will not pay the proceeds to one not entitled to receive them.

It is again contended, that the court did not have possession of the boat, and therefore the decree of condemnation rendered on the libel of Pitman Saunders, as well as the decree upon the petition of the defendants in error, is erroneous. The return of the sheriff to the process of seizure issued upon the libel of Saunders shows that he took the boat into his possession, and that the master gave bond and security, the condition of which was to pay and satisfy such decree as should be rendered on the libel. Afterwards the sheriff made an amended return, which shows that the stipulators had re-delivered the boat to him, and that he had her in his possession. Upon these facts, it is insisted that the bond executed by the stipulators discharged the boat not only from the lien of Saunders, but also from the custody of the law; consequently the boat was not in the possession or under the control of the court at the time the petition of intervention was filed. And, not being in the possession of the court, it was without jurisdiction over the subject matter, out of which the claim of the defendants in error is sought to be satisfied. The petition, however, alleges that the boat was in the custody of the sheriff, and within the jurisdiction of the court, and these facts are not denied by the answer of the claimant; he only puts in issue the justice of the demand, but makes no objection to the jurisdiction of the court, founded on the fact that the boat was not in the possession of the sheriff, or within the control of the court. It may be well doubted, whether the claimant can raise this objection, after joining issue upon the merits of the libel, without an exceptive allegation to the jurisdiction of the court.—See Reed v. Owen & Martin, 9 Por. 180; 2 Ala. 738; 9 Wheat. 400. But be this as it may, as the record shows that the boat was actually sold under the order of the court, and that the proceeds were in the hands of the sheriff, we think it too late for the claimant to object that the boat was not in the legal custody of the court at the time the petition was filed. In the case of The Schooner Balina, 1 Gallis. 75, it was urged that it

did nor appear that the schooner and cargo ever were in the custody of the officers of the court, and consequently the court was without jurisdiction, but the record showed in that case, (as it does in the case before us,) that the vessel and cargo *had actually been sold* by the order of the court. This was held sufficient to show the jurisdiction of the court. Indeed, I can see no ground on which a valid objection can be made to the jurisdiction of the court, for want of the possession or legal custody of the *rem*, when it is shown that it has has been sold by the order of the court, and the proceeds of such sale are brought into the possession or under the control of the court. It is then too late to object, for the first time, that the court did not have the possession or control of the vessel.

Upon the whole, we perceive no error in the decree, and it must be affirmed.