[Caldwell v. The State.]

# Caldwell v. The State.

55　133
.115　79
55　133
121　590

*Indictment for Violation of Revenue Law.*

1. *Solicitor's fee for conviction under revenue law.*—Section 3652 of the Revised Code, specifying the punishment for violations of the revenue law, was necessarily repealed by the inconsistent provisions of the subsequent revenue laws of 1868 and 1875, which increased the punishment of those offenses ; and the repeal of this section left no statutory provision for the solicitor's fee for conviction in such cases, except as "misdemeanors not expressly provided for," to which a fee of seven dollars and a half was affixed by section 4343, which was increased to thirty dollars by the act approved March 7, 1876 (Sess. Acts 1875-6, p. 213).

2. *Costs in criminal cases not within constitutional provision abolishing imprisonment for debt.*—The constitutional provision which prohibits imprisonment for debt, Art. I, § 21, does not apply to the costs which accrue on conviction in a criminal case ; nor is there any other constitutional provision which prohibits the legislature from making the payment of such costs a part of the. punishment, and subjecting their non-payment to an increased punishment.

3. *Ex post facto law; law increasing costs in criminal cases.*—A law increasing the costs on conviction in a criminal case is penal, and cannot apply to offenses committed prior to its passage, although the trial and conviction may take place subsequent to its passage; if applied to such cases, it would be an *ex post facto* law.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The defendant in this case, who was a practicing physician, was indicted for a violation of the revenue law in failing to take out a license. He pleaded guilty, and was fined thirty dollars, Having paid the fine and costs, he moved the court to re-tax the costs, and to reduce the solicitor's fee from thirty dollars to seven dollars and a half; and the overruling of this motion, to which he reserved an exception, is. the only matter here assigned as error. The material facts are stated in the opinion.

R. GAILLARD, for the appellant, cited Sedgwick on Stat. & Const. Law, 126, 358; Dwarris on Statutes, 643-4 ; *Morgan v. The State*, 47 Ala. 36.

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—Section 3652 of the Revised Code declares, that "any person, who does any business, or does any act, for which, under the provisions of the revenue law, he is required to procure a license or to pay a tax, without having

first obtained a license from the proper legal authority, or paid the tax required by law, is guilty of a misdemeanor, and, on conviction thereof (unless some other punishment is expressly provided by law), must be fined double the amount of the required license or tax." Section 4343 of the Revised Code gives to the solicitor, for each conviction under section 3652, a fee of thirty dollars. The same section, in a subsequent clause, gives to the solicitor, "for each conviction of a misdemeanor, not herein above expressly provided for," seven dollars and fifty cents. The revenue law, approved 31st December, 1868 (Pamph. Acts, p. 330, § 111), and the act on the same subject approved 19th March, 1875 (Pamph. Acts, p. 36, § 101), each provides different and increased punishment for the offense denounced by section 3652 of the Revised Code, and necessarily repeals that section of the Code. *George v. Skeates*, 19 Ala. 738.

The effect of the repeal of section 3652 of the Revised Code was to leave the offense provided for in section 101 of the act of 1868, and section 101 of the act of 1875, without any specified fee to the solicitor for convictions under them. This offense, then, fell into the class of misdemeanors *not expressly provided for ;* and the fee of the solicitor under it was thereby reduced to seven dollars and fifty cents.

The act of 1875 provides, "that any person who, after the first Monday in April, 1875, * * * shall be engaged in, or carry on, any business or profession," for which a license is required, "without having paid for and taken out such license, shall be guilty of a misdemeanor," &c. The defendant was indicted, under this section, at the Spring term, 1875, of Wilcox Circuit Court. The indictment charged that, before the finding of the indictment, "and after the 15th day of April, 1875," the defendant committed the offense for which he was indicted. This indictment was "filed in open court, May 1st, 1875." At the November term, 1876, the defendant pleaded guilty, and judgment was pronounced against him. The clerk, in taxing the costs, allowed and taxed a fee of thirty dollars in favor of the solicitor. A motion was made, and overruled, in the court below, to have the solicitor's fee re-taxed, and reduced to seven dollars and fifty cents. This is the only question presented for our consideration.

The act "to regulate the duties, and provide for the compensation of solicitors of judicial circuits," approved March 7, 1876—Pamph. Acts, 213—declares, in section 5, "that for each conviction of a violation of the revenue laws of this State, the solicitor shall be entitled to a fee of thirty dollars." It will be observed that this act was passed after the offense

was committed, and after the indictment was found, but before the trial and conviction. The question for our decision is, what law is to govern the taxation of costs?

In the case of *Morgan v. The State*, 47 Ala. 36, the question was, whether, under the constitution, the court could sentence a prisoner to imprisonment, or hard labor for the county, for the non-payment of costs, the fine having been paid. This court, Chief Justice PECK delivering the opinion, said : "In criminal cases, the cost is no more a debt than the fine, and, accurately speaking, not so much so ; for the fine is a sum certain, and the cost is not." And the court refused to reverse the sentence to hard labor, for the non-payment of costs.

In the following cases, costs due to the officers of court, on conviction in criminal cases, are treated as only money debts, and not punitive in their character : *State v. Farley*, 8 Blackf. 229; *Thompson v. State*, 16 Ind. 516; *Anglea v. Commonwealth*, 10 Grat. 700; *Duncan v. Commonwealth*, 4 Serg. & R. 450; *Edwards v. The State*, 7 Eng. 124; *Playford v. Commonwealth*, 4 Barr, 144. We do not think, however, that this is decisive of the present case, even if it were an open question in this court. It certainly is competent for the legislature to declare, that the payment of the costs that may accrue to the officers, in the prosecution and conviction of an offender, shall constitute a part of the punishment. No provision of the constitution can be pointed out, which forbids this. The fact that the costs, when collected, go to the officers of court, and not to the State or county, exerts no decisive influence on the question. On conviction for malicious mischief, under sections 3733 to 3738 of the Revised Code, the fine goes to the party injured, when private property is the subject of the mischief; yet no one will contend that such fines are not punishment for the public offense.

Sections 3760, 3762 and 4061 of the Revised Code go very far to show, that the legislature intended to make the non-payment of costs, imposed in a criminal cause, the ground of an increase of punishment. When such increased punishment was added, its benefits, if any, as the statute originally stood, did not enure to the officers to whom the costs were due. The statute contained no provision which authorized that. It simply augmented, to that extent, the punishment imposed, as a consequence of the non-payment of fine and costs. Such additional punishment is, doubtless, as much within the pardoning power of the executive, as any other part of the sentence pronounced on a convicted offender.

3. The non-payment of costs imposed on conviction of a

criminal offense being thus shown to be penal under our statutes, it follows, that any statute enacted after the commission of an offense, which increases the cost to be adjudged on conviction, necessarily increases the punishment on non-payment. Such statute, when applied to past offenses, is *ex post facto.*—1 Bish. Cr. Law, sections 572 *et seq.* The solicitor was not entitled to the fee of thirty dollars, under the act of March 7th, 1876, and the Circuit Court should have ordered the re-taxation moved for.

Reversed and remanded.