[*Ex parte* James Gayles.]

# *Ex Parte* James Gayles.

*Petition for Habeas Corpus.*

1. *Proceedings before Justices of the Peace.*—Proceedings before justices of the peace are not held to the same strictness that is applied to proceedings before courts of record of higher jurisdiction. A loose and informal judgment therein is not subject to revision on *Habeas Corpus.*

2. *Constitutional law—Caption of acts.*—When the subject of an act is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it.

3. *Same.*—That part of section 94 of an act "To regulate the management of State and county convicts" approved Feb. 18th. 1895 (Acts 94-5, p. 849) which provides "That when the terms of sentence of any convict for the crime is for two years or less, the sentence shall be for hard labor for the county. And when for more than two years, the sentence shall be to imprisonment in the penitentiary." *Held* unconstitutional because not clearly expressed in the title of the act.

4. *Effect on prior law of unconstitutionality of a repealing law.*—When an existing law is sought to be repealed by an act which is unconstitutional, the former law remains still of force.

5. *Mayor of City of Mobile—Jurisdiction*—The mayor of the City of Mobile, has under the charter of the Port of Mobile (Acts 1886-7, p. 234) the jurisdiction conferred upon justices of the peace by section 3747 of the Code.

The petitioner was arrested and tried before the mayor of the city of Mobile upon affidavit, charging him with an assault and battery. Upon trial he was convicted, and judgment was made as set out in the opinion. Under a *mittimus* issued on that judgment, he was held in the jail of Mobile county. He brings this petition to be discharged therefrom.

No brief on file for petitioner.

J. H. WEBB for Atty-Genl. *contra*

HARALSON, J.—Preceedings before justices of the

peace, are not held to the same strictness that is applied
to proceedings before courts of record of higher jurisdic-
tion.  The judgment of the justice is, "On hearing the
evidence, the court is satisfied as to the guilt of defend-
ant, and awards the following punishment,—that he be
imprisoned in the county jail of Mobile county for six
months."  This, though a loose and informal judgment,
is not on that account subject to revision on *habeas cor-
pus—.Ex parte Sam*, 51 Ala. 34; *Kirby v.. The State*, 62
Ala. 55.

2. The more serious question presented for review is,
that section 94 of what is known as the convict law of
this State, approved February 18, 1895 (Acts 1894–95,
p. 849), offends the clause of the constitution (Art. 4,
§ 2) providing,—"Each law shall contain but one sub-
ject, which shall be clearly expressed in the title."  The
caption of the law is, "An Act, To regulate the manage-
ment of State and county convicts."  Long before this
enactment, the terms, State convicts, and, county con-
victs, had received definite understanding, as distin-
guishing the one class from the other.  These terms im-
ply, as the word employed, would seem to indicate, that
State convicts embrace all that class of persons convicted
of crime and sentenced to hard labor for the State in the
penitentiary, within or without the walls; and county con-
victs, embrace all those sentenced to hard labor for the
county, whether in or out of the county.  The statutes
preceding the one under consideration, purported to fur-
nish a complete system of government, for these two
classes of criminals, and such was the design of this la-
ter enactment.  It contains 115 sections, covering about
thirty pages in the published acts; and was intended to
embrace in a more perfect system than previous enact-
ment on the same subject, everything, relating to the
management of convicts of the two classes, after they
are placed in the hands of the authorities appointed for
their management, following conviction,—their food and
raiment, medical treatment when sick, shelter, kind of
labor they shall perform, punishments for disobedience,
and every other thing supposed to relate to convict life
and labor.

That part of said section 94, with which we have now
to do, reads, "That when the terms of sentence of any
convict for the crime is for two years or less, the sen-

[*Ex parte* James Gayles.]

tence shall be to hard labor for the county. And when for more than two years, the sentence shall be to imprisonment in the penitentiary &c." Here, as we plainly see, we are carrie 1 back from where hard labor, and the management of the convict set in, which is the subject of this enactment, as indicated in its title, to a point after conviction and before sentence, by virtue of which sentence alone, the convict is subject to the management provided for in the Act,—his conviction and sentence being quite another and diffrent subject from that of his management during the existence of the sentence. The question we consider,—of but one subject in the title of an act, to be clearly expressed therein—is threadbare in discussion. All one has to do is to apply the established rules to the case in hand. The object of the constitutional requirements was to keep matter, foreign to the main object of a bill, from being interpolated into it, either openly or surreptitiously, at some time during the stages of its passage, and to have members of the legislature, and perhaps the public, informed by the title of what the bill might or might not contain. The requirement, as has been well said, is not to be so exactingly enforced as to cripple legislation; that the title may be very general and need not specify every clause of the statute, but the requirement of the constitution is met, if they are all referable and cognate to the subject expressel, and "when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it." *Ballentyne v. Wickersham*, 75 Ala. 533, and authorities cited. Now, this caption is very general, in reference to the subject,—that of the management of convicts. And applying to it, the most generous liberality of construction, how can it be said, that the subject of the sentence of convicts, comes fairly within its meaning. is referable or cognate to the subject expressed, or results as a complement of the thought contained in the general expression of the *management of convicts?* If this section is germane to the title, it would seem to follow, that the legislature might have proceeded in the act, to legislate generally on the subject of the punishment of criminals convicted of crime and abolished capital punishment, established a

Vol. 108.

whipping post, and revised largely, the criminal statutes of the State. In our opinion the section offends the provision of the constitution referred to, forbidding legislation of this character.

3. The laws regulating the sentence of convicts as they existed before the date of this enactment, we must hold, were not repealed by it, but are still of force.—*Randolph v. Builders & Planters Supply Co.* 106 Ala. 501; Code, § 4492.

4. Justices of the peace in this State, have jurisdiction to finally try and punish certain specified offenses, among which are assaults and batteries, Code, § 4233. Section 3847 provides, that one convicted of an assault, or an assault and battery, may be fined, within prescribed limits, and also imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months. The charter of the Port of Mobile, approved Dec. 10, 1886 (Acts 1886-7, p. 231), bestows on the mayor of the city of Mobile, "the authority of a justice of the peace in all criminal matters arising within the precinct of said city of Mobile." Section 17. The mayor had jurisdiction of the person and the offense, and did not exceed it in this case.

Petition denied.

BRICKELL, C. J., dissenting.