# Brown v. The State.

## Indictment for Burglary.

1. *Burglary; admission of evidence as to name of the owner of property; variance.*—Where, in an indictment for burglary, the name of the owner of the property alleged to have been burglarized is alleged as the "Tennessee Coal, Iron & Railroad Company," upon the trial of the cause the act of the legislature incorporating the "Tennessee Coal & Railway Company" together with an amendment thereto, changing the name of the company to the "Tennessee Coal, Iron & Railroad Company," which name it bore at the time of the burglary, is admissible in evidence, and there is shown to have been no variance between the name of the owner of the property burglarized, as shown by the evidence and that averred in the indictment.

2. *Proof of name of corporation; objection to introduction of original charter.*—In the trial of a case, where it is necessary to prove the owner of property, the ownership being laid in a corporation, and for this purpose and to show the legal incorporation of the alleged owner, the original charter is introduced in connection with the amendment thereof by act of the legislature, changing the name of the company to the name alleged, an objection to the introduction in evidence of the original charter, separate and apart from the amendment offered with it, on the ground that there is a variance between

the name alleged and the name contained in the original charter, is untenable and will not be considered.

3. *Trial and its incidents; sentence to hard labor for costs; when pronounced, becomes a part of the punishment for the crime.*—When there is a conviction of a defendant in a criminal case, it then becomes the duty of the trial court to impose by its sentence the punishment which the law, denouncing the offense, annexes to the crime; and if the sentence is to hard labor for the county, and the court judicially ascertains that the costs have not been paid, or judgment confessed therefor, the court must go further and pronounce an additional sentence to hard labor for the payment of the costs as provided by law; and the additional hard labor thus imposed for costs, partake of the nature and become a part of the punishment imposed for the commission of the crime.

4. *Convict system; statutes establishing system unconstitutional so far as attempting to prescribe the time of sentence for payment of costs of conviction.*—The act of the General Assembly "to create a new convict system for the State of Alabama, and to provide for the government, discipline and maintenance of all convicts in the State of Alabama," approved February 14, 1893, (Acts, 1892-93, p. 194), and the act "to regulate the management of State and county convicts," approved February 18, 1895, (Acts, 1894-95, p. 849), in so far as they attempt to prescribe by sections 54 and 98, respectively, what sentence the court shall impose for the costs when a convict is sentenced to hard labor for the county, are violative of Article IV, § 2 of the Constitution, which ordains that "each law shall contain but one subject, which shall be clearly expressed in its title;" the titles to these acts indicating nothing more than a purpose to provide for the modes and means of executing the sentences imposed upon the convicts by the court, and giving no indication or intimation of the purpose of prescribing what sentence the court shall impose; and these acts are, therefore, ineffectual to change or modify section 4504 of the Criminal Code of 1886, which authorizes the imposition of punishment to hard labor for the payment of costs in felony cases for a period not exceeding fifteen months. (BRICKELL, C. J., dissenting.)

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted, tried and convicted for burglary. In the indictment charging burglary, the building burglarized was alleged to be the property of the Tennessee Coal, Iron & Railroad Company, a body corporate under the laws of the State of Tennessee.

On the trial of the cause, the State offered in evidence a copy of the act of the legislature of Tennessee, together with the amendments thereto, with a certificate of the Secretary of State of Tennessee attached, "To incorpor-

ate the Tennessee Coal & Railway Company." This act of incorporation was passed March 24, 1860. The amendments attached to this act, show that on September 13, 1881, the charter was amended by changing the name of the company to Tennessee Coal, Iron & Railroad Company. A certificate of the Secretary of State attached to the copy of the act of incorporation and the amendments recited that it was a true copy of the act incorporating the Tennessee Coal, Iron & Railroad Company, and "that the statement above regarding amendments to same was correct, the original of which is now of record at my office." The defendant objected to the introduction of said charter, upon the grounds of a variance between the indictment and the charter offered in evidence. This objection was overruled, and defendant duly excepted. After rendering a judgment of conviction, the court rendered the following sentence: "On this the 14th day of November, 1896, the said defendant being now in open court, and being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is, therefore, considered by the court, and it is the judgment of the court and sentence of the law that the said defendant, the said Frank Brown, perform hard labor for the county for twelve months. And the costs legally taxable against the defendant in this cause, amounting to $69.15, not being presently paid or secured, it is ordered by the court that the said defendant perform additional hard labor for the county 231 days to pay said costs."

J. S. EDWARDS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—There is no merit in the exception reserved by the appellant to the admission of the evidence touching the name of the owner of the property, the subject of the crime. The alleged owner—a body corporate—was originally chartered by the name of "Tennessee Coal and Railway Company," but afterwards, and before the indictment in this case was found, the charter was amended by changing the name to "Tennessee Coal, Iron and Railroad Company." This latter

[Brown v. The State.]

is the name of the owner as charged in the indictment. The objection to the evidence was, that there was a variance between it and the indictment. Most clearly the objection was not well taken.

An objection to the original charter, separate and apart from the amendment which was offered, in connection with it, cannot properly be considered.

In pursuance of law, the appellant was sentenced, on conviction, to perform hard labor for the county for twelve months, as punishment for the offense committed. In addition to this, he was sentenced to perform hard labor for the county for 231 days to pay the costs of the prosecution. This latter sentence was in conformity to section 4504 of the Code, which authorizes the imposition of such hard labor for costs, in cases of felony, for a period not exceeding fifteen months.

The question is now raised whether this provision of the Code was altered, and the authorized period of hard labor for costs reduced to a point below the period for which appellant was sentenced, by subsequent acts of the legislature to which we are referred.

The first of these acts was a general revision of what is known as the Convict System of this State, and was enacted February 14, 1893.—Acts 1892-93, p. 194. Its title is, "An act to create a new convict system for the State of Alabama, and to provide for the government, discipline and maintenance of all convicts in the State of Alabama." Section 54 of this act contains, among others, the following provision: "Whenever any convict is sentenced by the court, and required to do hard labor for the county, an additional sentence, not to exceed six months, in any one case, for the payment of the costs of his conviction, may be imposed," &c. Thus, if this provision was enforceable, the maximum term of hard labor for costs was reduced to six months.

At the session of 1894-95, there was, by an act approved February 18, 1895, (Acts, 1894-95, p. 849) another revision of the convict system. The title of this act was, "An act to regulate the management of State and county convicts." Section 98 introduced substantially the same provision as that copied above from the act of 1893, except that it fixed the maximum term of hard labor for costs at ten, instead of six months.

The question is, whether these acts, in so far as they

[Brown v. The State.]

attempt to prescribe, by the provisions referred to, what sentence the court shall impose, in reference to costs, are not offensive to section 2, Article IV, of the constitution, which ordains that "Each law shall contain but one subject, which shall be clearly expressed in its title," &c.

The principle, declared in *Ex parte Gayles*, 108 Ala. 514, leaves no room for discussion or doubt upon this question. The titles to these acts clearly indicate nothing more than a purpose to provide for modes and means of executing the sentences imposed upon convicts by the courts. They give no indication, whatever, of a purpose to go behind the sentence and prescribe what sentence the court shall impose. The functions indicated by these titles are purely executive or ministerial, taking effect after the ministerial sentences have been pronounced.

The question is different from that which came under our consideration in *White v. Burgin*, 113 Ala. 170. In that case the provisions of the first of said acts then under review, the constitutionality of which was upheld as shown by the opinion of Justice McClellan, had relation entirely to acts to be performed in reference to the "government, discipline and maintenance" of the convict, by ministerial officers, or processes, after he became a convict, within the sense of the act, by virtue of his conviction, in the court of trial, and the imposition of the sentence, which the law requires the court to impose as a consequence of such conviction. Until these judicial requirements are performed, the person is not a convict within the meaning of the law providing what shall be done with, or in reference to convicts, viz., the convict system. That system, necessarily, has relation alone to the carrying into execution of the sentences of the court by which the person becomes a convict and thereby subject to its provisions. In order to establish his status as a convict, the court of trial is required by law, after conviction by the jury (or by the court where a jury is dispensed with), to impose, by its sentence, the punishment which the law denouncing the offense annexes to the crime; and further, if the sentence is to hard labor for the county, and the costs are not presently paid, or judgment confessed therefor, to impose the further sentence of hard labor for a limited term, for the

payment of the costs of the conviction—the term being regulated by the amount of the costs, and not to exceed a specified maximum period. This last named sentence most clearly enters into, and forms a part of the judicial disposition of the prisoner creating and defining him as one amenable to the regulations provided by law for putting the sentences into execution. When sentence to hard labor is pronounced, the court pronouncing it, must go further and judicially ascertain that the costs have not been paid, when such is the case, and so declare upon its records, and (judgment therefor not being confessed) pronounce the additional sentence provided by law. What this sentence shall be—whether it shall be limited to six, ten or eighteen months—has, manifestly, no more natural or germane relation to a system of laws providing for the "government, discipline and maintenance" of convicts, than has the sentence which the law requires the court to pronounce upon the prisoner as absolute punishment for the crime. The additional hard labor imposed for costs, as we hold in *Caldwell v. State,* 55 Ala. 133, and *Morgan v. State,* 47 Ala. 36, is precisely of the same nature, and inspired by the same motive or purpose as the absolute punishment prescribed by law, to-wit, the purpose of punishment for crime. It is for this reason that the constitutional inhibition of imprisonment for debt does not apply to the imposition of such additional hard labor; and for the same reason, that such imposition must be in pursuance of law in force at the time of the commission of the offense, or, at least, under a law which does not increase the burden beyond that imposed by the law in force at the commission of the offense.—*Caldwell v. State, supra.* Such a statute, when applied to past offenses, is *ex post facto.*

These observations are intended to illustrate and make clearer the principle we lay down, that there is no distinction, in respect of the question we now have under consideration, between the two punishments. If an act to establish a convict system for the State and to provide for the government, discipline and maintenance of all convicts in the State; or to regulate the management of State and county convicts, cannot, in view of the constitutional provision referred to, legally include a provision fixing the absolute punishment for crime (as

most undoubtedly it cannot), there is no conceivable reason why it can include a provision fixing the other punishment. We held in *Ex parte Gayles*, 108 Ala. 514, *supra*, that a change in the mode of punishment from imprisonment in the penitentiary to hard labor for the county, was not included in the title of said act of February 18, 1895, within the meaning of the constitution.

We hold that these acts were ineffectual to change section 4504 of the Code, in the respect discussed, and that appellant was properly sentenced under that section.

Affirmed.

BRICKELL, C. J., dissenting.