# Dowling *v.* City of Troy.

## *Habeas Corpus.*

(Decided June 1, 1911.  56 South. 118.)

1. *Statutes; Title; Sufficiency.*—The title of Act 1907, (S. S.) p. 179, is not sufficient to authorize the inclusion in the act of a provision requiring the court in imposing a sentence for cost to determine the time required to work out the cost at 40 cents per day, and hence, that provision of the act is violative of section 45, Constitution 1901.

2. *Costs; Criminal Prosecution; Sentence.*—Acts 1907, p. 179, in so far as it relates to costs on conviction of crime, being unconstitutional, in sentencing for costs, the rate should be 75 cents per day as provided by section 7635, Code 1907.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Arch Dowling was convicted in the circuit court of a violation of an ordinance of the City of Troy, and he appeals. Reversed and remanded, and a constitutional question was certified to the Supreme Court for determination. Question answered.

See, also, 1 Ala. App. 508, 56 South. 116.

There was conviction in the mayor's court for a violation of the prohibition law, and the defendant was sentenced to pay a fine of $100 and $2 costs. On appeal to the circuit court there was a verdict of guilty, and a fine of $50 attached. A judgment was entered remanding the prisoner to the city authorities for punishment according to the judgment, and after having served his term with the city of Troy it was further ordered that he be delivered to the sheriff of Pike county to work out the costs incurred in the circuit court; the sentence being for 66 days of hard labor at the rate of 40 cents per day, the sentence to begin at the expiration of his term of service for the city of Troy.

A constitutional question having been raised, it was certified to the Supreme Court for determination under the practice act by the Court of Appeals.

A. G. SEAY, for appellant. The act fixing the rate of costs at 40 cents per day is violative of section 45 Constitution 1901.—*Brown v. The State,* 115 Ala. 74.

FOSTER, SAMFORD & CARROLL, for appellee. Even if the act is unconstitutional, the sentence should be corrected, and as corrected, affirmed.—*Johnson v. The State,* 94 Ala. 36.

SAYRE, J.—The Court of Appeals, acting under the authority of the act creating that court (Acts 1911, p.

95), as amended (Acts 1911, p. 449), has certified to this court that the act of the Legislature of Alabama, entitled "An act to provide for the hiring, management, control and inspection of county convicts," and approved November 30, 1907 (General Acts [Sp. Sess.] 1907, p. 179), has been assailed upon the constitutional ground that the inclusion of the provision that "the court," in the imposition of an additional sentence for the payment of costs of conviction, "must determine the time required to work out such costs at the rate of forty cents per day," is in violation of section 45 of the Constitution of Alabama, 1901. It is ordered by the Court of Appeals that the question, "Is the provision contained in section 13 of the act of the Legislature of Alabama entitled 'An act to provide for the hiring, management, control and inspection of county convicts,' approved November 30, 1907, that 'the court,' in the imposition of an additional sentence for the payment of costs of conviction, 'must determine the time required to work out such costs at the rate of forty cents per day,' in violation of the provision of section 45 of the Constitution of the State of Alabama that 'each law shall contain but one subject, which shall be clearly expressed in its title?" be, and the same hereby is, certified to the Supreme Court for determination.

We are constrained by the decision of this court in *Brown v. State,* 115 Ala. 74, 22 South. 458, to an answer in the affirmative. The title of the act is: "An act to provide for the hiring, management, control and inspection of county convicts." In the case referred to it was said the sentence for costs "most clearly enters into, and forms a part of the judicial disposition of the prisoner creating and defining him as one amenable to the regulations provided by law for putting the sentence (meaning here the sentence for punishment primarily and the

further sentence for costs) into execution. When the sentence to hard labor is pronounced, the court pronouncing it must go further, and judicially ascertain that the costs have not been paid, when such is the case, and so declare upon its records, and (judgment therefore not being confessed) pronounced additional sentence provided by law. What this sentence shall be—whether it shall be limited to 6, 10, or 18 months—has, manifestly, no more natural or germane relation to a system of laws providing for the 'government, discipline and maintenance' of convicts, than has the sentence which the law requires the court to pronounce upon the prisoner as absolute punishment for the crime." So here, the judicial disposition of a prisoner which requires him to work out costs as a part of the punishment has no relation to his hiring, management, control and inspection after he has become a convict.

The section, in so far as it changes the rate at which convicts shall be credited for their labor, is unconstitutional, and appellant should have been sentenced for costs at the rate of 75 cents a day as provided by section 7635 of the Code of 1907.—*Ex Parte Gayles*, 108 Ala. 514, 19 South. 12, is also in point and to the same effect.

The clerk will certify this opinion to the Court of Appeals. All the Justices concur.