# Isaiah v. The State.

### Carrying Concealed Weapon.

(Decided June 30, 1911. Rehearing denied April 4, 1912. 58 South. 57.)

1. *Carrying Concealed Weapons; Statute; Constitutionality.*—The Acts of 1909, p. 258, section 2 thereof, is not unconstitutional.

2. *Costs; Rate; Criminal Prosecution.*—Under section 7635, Code 1907, the rate per day at which a defendant can be sentenced for the payment of costs is 75 cents and not forty.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Jacob Isaiah was convicted of carrying a concealed pistol, and he appeals. Affirmed.

A constitutional question having arisen, it was referred to the Supreme Court under the statute, and in accordance with their answer upholding the constitutionality of the act, the judgment is affirmed after being corrected as to costs. See *Isaiah v. The State,* 58 South. 33, for the opinion on the constitutionality of the act.

HILL, HILL, WHITING & STERN, EVANS & PARRISH, and M. D. BRAINARD, for appellant. The indictment was demurrable for being in the alternative.—*Mays v. The State,* 89 Ala. 39; *Noble v. The State,* 59 Ala. 73.

Section 2 of the act under which this indictment is drawn is unconstitutional.—Amendment No. 2, Constitution U. S.; *U. S. v. Cruikshanks,* 92 U. S. 542; *Presser x. Ill..* 116 U. S. 252; *Speers v. The State,* 123 U. S. 131; Sec. 26, Constitution 1901. The carrying of concealed weapons may be prohibited. In other words, the manner of carrying may be regulated, but the carrying cannot be prohibited.—*Reed v. The State,* 1 Ala. 616; *Owen v. The State,* 31 Ala. 387; *Dunston v. The State,* 1244 Ala. 89. But the carryign cannot be prohibited.—*English v. The State,* 35 Tex. 472; *Andrews v. The State,* 3 Heisk. 165; *Dobbs v. The State,* 39 Ark. 363; *State v. Burgoyne,* 7 Lea. 173; *Collier v. The State,* 68 Ala. 499; *Ex parte Thomas,* BY *Okla.* 77, reaches an improper conclusion.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—Following the ruling of the Supreme Court on the question submitted to it by this court as to the constitutional validity of the provision of section 2 of the act to regulate the right to carry a pistol in this state, approved August 26, 1909 (General and Local Acts Special Session 1909, p. 258), it must be held that the action of the trial court in overruling the demurrer to the indictment was correct.

The court should have sentenced for the costs at the rate of 75 cents a day, as provided by section 7635 of the Code, and not at the rate of 40 cents a day.—*Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 118. In this respect the judgment will be here corrected, without costs.

Corrected and affirmed.