(80 South. 687)

### TOWN OF RAGLAND v. ST. CLAIR COUNTY. (7 Div. 551.)

(Court of Appeals of Alabama. Dec. 17, 1918.)

1. EVIDENCE ⊕=29—JUDICIAL NOTICE—STATUTES.

The court takes judicial notice of contents of Acts 1909, Sp. Sess. p. 303, and Loc. Acts 1911, p. 78.

2. TAXATION ⊕=908—DISPOSITION OF TAX—STATUTE—REPEAL.

Acts 1909, Sp. Sess. p. 303, making it the duty of the board of county commissioners to pay over to the municipality one-half of the money collected on property within the municipal limits for maintenance of roads, and Loc. Acts 1911, p. 78, particularly sections 15 and 29, giving the board of road commissioners exclusive control of funds, and providing for levy of taxes, being inconsistent, the former is repealed to the extent of their inconsistency, particularly in view of the repealing clause of the latter.

Appeal from Circuit Court, St. Clair County; James E. Blackwood, Judge.

Suit by the Town of Ragland against St. Clair County. Judgment for defendant, and plaintiff appeals. Affirmed.

M. M. Smith, of Pell City, and John W. Inzer, of Ashville, for appellant.

Goodhue & Brindley, of Gadsden, for appellee.

BRICKEN, J. The plaintiff, town of Ragland, a municipal corporation located in St. Clair county, Ala., seeks to recover of the defendant, St. Clair county, a body corporate, certain moneys collected by the tax collector of said county under a levy made by the board of county commissioners of said county and assessed by the tax assessor of said county under and by virtue of an act of the Legislature of Alabama approved March 7, 1911, and found in Local Acts Alabama 1911, p. 78 et seq., for the years 1911, 1912, 1913, 1914, and 1915.

The theory of the plaintiff is that it is entitled to one-half of the money collected under such assessments during each of those years upon the property located in the corporate limits of plaintiff, by virtue of the act of the Legislature approved August 25, 1909. General and Local Acts Alabama 1909, p. 303.

[1] The court takes judicial notice of the contents of both of these acts, and the controlling question here presented is whether or not the act of 1909, supra, is repealed by the subsequent act of 1911, supra, so far as it relates to St. Clair county.

[2] The act of 1909 provided as follows:

"Section 1. That the maintenance of streets of municipalities in the state of Alabama is hereby, for the purposes of this act declared to be a county matter.

"Sec. 2. That courts of county commissioners and boards of revenue, where there is levied a road tax, general or special, or where by the tax levy a portion of the tax is levied for or devoted to the purpose of constructing, repairing or maintaining roads or highways of any description, in the county, shall pay over each year to each municipality therein one-half of the money collected on such road tax on the property located in such municipality.

"Sec. 3. That such sums when paid over to the municipalities shall be used exclusively for maintaining the streets in the corporate limits of such municipality, provided that if the tax is levied for any particular class of roads or highways, such sums shall be used on the streets of the municipality for roads of a similar character to such roads or highways."

It will be noted that this act makes it the duty of the board of county commissioners to pay over to the municipality one-half of the money collected under such levy on the property within the corporate limits of such municipality. It is under this provision of the act of 1909 that appellant bases its claim.

The act of 1911, after providing for the appointment of a board of road commissioners for St. Clair county, and prescribing its duties, provides as follows:

"Sec. 29. That it be and is hereby made the duty of the court of county commissioners of said county, from time to time, to levy such special road and bridge taxes for the use of such board of road commissioners, not to exceed one-fourth of one per cent. on each one hundred dollars of taxable property as may, in their judgment, be necessary to the proper carrying on of the work of such board of road commissioners such taxes to be assessed by the assessor and collected by the tax collector of the county, annually, and the proceeds arising therefrom to be paid over to the treasurer of such board," etc.

Section 15 provides:

"That said board of road commissioners of St. Clair county shall be and they are hereby invested with exclusive control of the road funds of said county and exclusive superintendence of the public roads, bridges, trestles, culverts, etc., of said county," etc.

Section 6 provides:

"That it shall be the duty of the secretary and treasurer of such board * * * to receive and keep a correct account of the receipts and disbursements of the funds arising from taxation and otherwise, and coming into the hands of the board, and to pay same out in the manner hereinafter provided."

Section 36 provides:

"That all money arising * * * from the ad valorem tax on all property and values in the northern jurisdiction of said county, shall be used and worked out on the public roads in the northern jurisdiction, and that all money arising * * * from the ad valorem tax on all property and values in the southern jurisdiction of said county shall be used and worked out on the public roads in the southern jurisdiction."

It clearly appears from the foregoing that while the act of 1909 requires the court of county commissioners to pay over to municipalities one-half of the money collected under certain levies of taxes on property within the corporate limits of such municipalities, to be used by such municipalities in improving its streets, the act of 1911, as to St. Clair county, requires the tax therein provided for to be levied for the sole use of the board of road commissioners; that all of it be paid over to the treasurer of said board; and that it be paid out by him in the manner provided by the act.

These two acts are in direct conflict as far as the money sued for in this case is concerned, the act of 1909 requiring that one-half of a certain part be paid over to the municipality for use by the municipality, while the act of 1911 requires that all be paid over to the treasurer of the board of road commissioners for their sole use under the act.

When the provision of a subsequent act is directly repugnant to a provision of a former act, the former is repealed by the latter to the extent that the provisions of the two acts are inconsistent with each other. Stewart George v. Skeates & Co., 19 Ala. 738; State ex rel. Tyson et al. v. Houghton et al., 142 Ala. 90, 95, 38 South. 761; Thomas v. Evans, 73 Ohio St. 140, 76 N. E. 862.

Furthermore, the repealing clause of the act of 1911, supra, provides that:

"All laws and parts of laws, whether local, special or general, in conflict with the provisions of this act be and the same are hereby repealed." Section 38.

The ruling of the lower court being in accord with the views herein expressed, the judgment therein is affirmed.

Affirmed.