

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 1, 1971

Honorable Oscar B. McInnis
Criminal District Attorney
County Courthouse
Edinburg, Texas 78539

Opinion No. M-983

Re: Whether provisions of
Senate Bill No. 841, Acts
62nd Legislature, R.S.,
1971 (Art. 1083, V.A.C.C.P.)
require collection of court
costs for the benefit of
the Criminal Justice Plan-
ning Fund in connection
with convictions for of-
fenses which occurred prior
to August 30, 1971, the
effective date of legis-
lation.

Dear Mr. McInnis:

You have requested the opinion of this office as to the
following question:

"Does this new statute [S.B. 841] require the
collection of the additional court cost for the
benefit of the Criminal Justice Planning Fund on
those cases in which the offenses were committed
prior to August 30, 1971, the effective date of
this Act?"

Your question must be answered in the negative.

Senate Bill 841 provides, in part:

"Sec. 3. (a) The Sum of $2.50 shall be taxed
as costs of court, in addition to other taxable
court costs, upon conviction in each misde-
meanor case in which original jurisdiction
lies in courts whose jurisdiction is limited
to a maximum fine of $200.00 only.

* * * * *

"Sec. 4. The sum of $5.00 shall be taxed

-4796-

as costs of court, in addition to other taxable court costs, upon conviction in each misdemeanor case and the sum of $10.00 shall be taxed as costs of court, in addition to other taxable court costs, upon conviction in each felony case in all cases in which original jurisdiction lies in courts whose jurisdiction is limited to fines and/or confinement in a jail or the department of corrections.

"Sec. 5. The costs due the State under this Act shall be collected along with and in the same manner as other fines or costs are collected in the case."

It is a well settled principle of law that statutes are presumed to operate prospectively unless there is a clear expression to the contrary. 53 Tex.Jur.2d 51, Statutes Sec. 28. Moreover, penal statutes imposing a penalty must be strictly construed and the person seeking to recover the penalty must bring himself clearly within the terms of the statute. 53 Tex.Jur.2d 306, Statutes, Sec. 198. To hold otherwise would be in violation of Article I, Section 16, of the Texas Constitution. See Ex Parte Carson, 159 S.W.2d 126 (Tex.Crim. 1942); Ex Parte Mann, 465 S.W. 828 (Tex.Crim. 1888); Caldwell v. State, 55 Ala. 133 (1876).

In view of the foregoing authorities, it is our opinion that the additional items of court cost provided by Senate Bill 841 cannot be assessed on offenses committed prior to August 30, 1971.

### S U M M A R Y

Additional court costs under Senate Bill 841 cannot be assessed on conviction for offenses committed prior to August 30, 1971, the effective date of the Act since a statute will not be applied retroactively without a clear expression to that effect.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Max P. Flusche
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Lonny Zwiener
Malcom Smith
Austin Bray
Camm Lary

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant