[Revenue and Road Commissioners of Mobile County v. State ex rel. Campbell.]

# Revenue and Road Commissioners of Mobile County *v.* State *ex rel.* Campbell.

## *Mandamus.*

### (Decided 14, 1909.　50 South.　972.)

1. *Statutes; Enactment; Evidence; Legislative Journals.*—As to whether or not an act was passed, the entries on the original journals of the senate and house, which are the official journals, will prevail over the printed journal.

2. *Same; Titles and Subjects.*—The title of the act of Aug. 15th, 1907, (Acts 1907, p. 893) which is section 703, subd. g, Code 1907, is sufficiently comprehensive to cover the subject matter therein expressed as required by section 45 of the Constitution of 1901, and the matters brought in by amendment are within the spirit of and not foreign to the original act.

3. *Same; Amendment.*—The act of Aug. 15, 1907, although entitled, an act to amend certain sections, including section 8, of the act of 1903, p. 504, does not amend such section since it contains no provisions amendatory thereof.

4. *Mandamus; County Officers.*—Mandamus is the proper remedy to compel county revenue and road commissioners to comply with the provision of subd. G, sec. 703, Code 1907, it not being sought to control their discretion as to the amount of the salary of the physician, but only to compel them to take action.

5. *Quo Warranto; Requiring Officers to Act.*—Quo warranto is not the proper remedy where it is sought only to require county revenue and road commissioners to act under subd. g, sec. 703, Code 1907, in fixing the salary of the physician attending the inmates of the poor house and jail elected by the county board of health, and where it is not sought to determine the authority of such county board of roads and revenue, to appoint a person to such office, or to determine the rights of one appointed by them to hold the office, although after such commissioners had refused to act on fixing a salary, they amended their previous minutes of the election of another person as county physician so as to state that he was elected to attend the inmates of the county jail and poor house.

6. *Officers; Refusal to Act; Condition Precedent.*—The law not requiring a physician elected by the county board of health to attend the inmates of the county jail and poor houses, to notify the county road and revenue commissioners of his acceptance of the office before they fixed his salary under subd. g., section 703, Code 1907, the fact that he had not so notified them was no ground for their refusal to act in fixing a fair salary for him.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

[Revenue and Road Commissioners of Mobile County v. State ex rel. Campbell.]

Mandamus on the relation of Douglas G. Campbell, against the revenue and road commissioners of Mobile county, to require them to fix a fair salary for him as county physician under an election by the county board of health. The court granted a peremptory writ, and the respondents appeal. Affirmed.

FITTS, LEIGH & LEIGH, for appellant.—Whatever validity the law under consideration may have, is derived from its original enactment, and not from its introduction or manner of introduction into the Code.—B. & P. Sup. Co. v. Lucas, 119 Ala. 202; State ex rel. Birmingham v. Miller, 48 South. 496. If the law is not constitutionally enacted, no writ should issue, even if no defense at all is interposed.—Comm. Ct. Chilton County v. Southern Ry., 146 Ala. 439. The subject matter is not expressed in the title of the act under which the information is filed.—Bir. v. Miller, supra; Ballentyne v. Wickersham, 75 Ala. 533; Woolf v. Taylor, 98 Ala. 254. There is nothing in the repealing clause or other part of the general act of 1907, or of the original act of 1903, which shows a legislative intent to repeal the local law for Mobile county.—State ex rel. Horton, 142 Ala. 90. The relator was not entitled to relief under the local law so far as the poor house was concerned, and as his petition alleged that he was elected physician to attend the inmates of both the jail and the poorhouse, and prays that a fair salary be fixed for both of these positions, the peremptory writ should not have been awarded.—State ex rel. Cowan v. County of Etowah, 143 Ala. 181. Mandamus was not the proper remedy to compel the action sought by the petition.—Ex parte Thompson, 52 Ala. 98; Taylor v. Cobb, 100 Ala. 603; Ex parte Harris, 52 Ala. 87; State ex rel. Ducourneau v. Langan, 149

[Revenue and Road Commissioners of Mobile County v. State ex rel. Campbell.]

Ala. 647. No attempt was made either in the petition or in the peremptory writ to define what a fair salary would be.—*State ex. rel. Harold v. M. & M. R. R.*, 59 Ala. 321; *Taylor v. Cobbs, supra;* 20 L. R. A. 419; 45 South. 453. If there was any remedy for the petitioner in this case it was by quo warranto.—*Goodman v. Sherrer*, 149 Ala. 647; *Taylor v. Cobbs, supra; Ex parte Harris, supra; Ex parte DuBose*, 54 Ala. 278; 26. Cyc. 256.

GREGORY L. & H. T. SMITH, for appellee.—The original senate and house journal control as to the passage of an act. The subject matter of subdivision G, section 703, of the Code of 1907, is expressed in the title of the act of August 15, 1907, and all the provisions thereof are clearly germain to and within the scope of the several provisions amended, and are, therefore, not offensive to section 45 of the Constitution of 1901.—*State v. Bracken*, 154 Ala. 153; *Woodward v. Skeggs*, 154 Ala. 261; *Chambers v. Morris*, 156 Ala. 629. When the means of the exercise of granted power is given, no other or different means can be implied as being more effectual or convenient.—18 Cyc. 26; 3 Ill. 79; 97 Pac. 102. Hence, the local act for Mobile county, does not render subd. g, sec. 703, Code 1907, inapplicable to Mobile county. Mandamus lies to compel action but not to determine what judgment the court must render.—*Ex parte Colley*, 140 Ala. 193; *Ex parte Campbell*, 130 Ala. 196; *Ex parte Woodruff*, 123 Ala. 79. Mandamus will lie to determine what judgment shall be rendered when there is no other remedy by appeal or otherwise.—*Ex parte Woodruff, supra; Wilson v. Duncan*, 114 Ala. 649; *Ex parte Towel Co.*, 103 Ala. 415; *Ex parte Hayes*, 92 Ala. 120. From these

authorities it follows that mandamus was the proper remedy and that quo warranto would not lie. The law does not require that the physician elected by the board of health shall notify the board of revenue of his acceptance of the office, and hence, this was not a condition precedent to his right of action.

SIMPSON, J.—This appeal is from a judgment of the circuit court granting a peremptory writ of mandamus requiring the revenue and road commissioners of Mobile county to fix a fair salary for Douglas G. Campbell, who has been by the board of health of said county elected as physician to attend the inmates of the poorhouse and jail of said county.

On the 21st day of December, 1908, the petition of the board of health was presented to said revenue and road commissioners, praying the fixing of said salary. Previous thereto, to wit, on November 16, 1908, said revenue and road commissioners had elected W. G. Ward as "county physician" of said county, and on said 21st day of December, 1908, said revenue and road commissioners amended their previous minute so as to read as follows: "Dr. W. G. Ward, a physician of this county, is hereby elected to attend the inmates of the county poorhouse and the jail, and to perform such other duties as this board may impose, for the term of two years, at a salary of $900 per annum, payable monthly out of the county treasury." The question at issue is whether or not the law makes it the duty of said revenue and road commissioners to fix the salary of the physician elected by the board of health of said county.

The claim of the appellants, who were the respondents below, is that, under the local act of January 31, 1856 (Acts 1855-56, p. 105), which authorized the es-

tablishment of the poorhouse and authorized said re-
spondent "to adopt and put in force · such rules and
regulations for the management of said asylum for the
poor * * * as to them may seem most conducive to
the good government and comfort and health of said
pauper inmates of the same," the duty and responsi-
bility rests upon said respondents to select the physi-
cian to attend said inmates, and it is insisted, first,
that subdivision "G" of section 703 of the Code of 1907,
being a part of the act of August 15, 1907 (Acts 1907,
p. 893, § 3), which was passed after the act adopting
the Code, and was only inserted in said Code by the
Commissioner, must stand upon the validity of the
original act, and that said act was not legally passed,
because the printed journal of the Senate shows, not
that said act was "passed," but only that it was read
a third time "and placed on the calendar."—Senate
Journal 1907, vol. 2, pp. 2611, 2613.   It is true that
the printed journal so reads; but an examination of
the original journal, filed in the office of the Secretary
of State, shows that this is an error, and should read
that said act was "passed."—Original Senate Journal
1907, vol. 5, p. 2858.   The original journal is the offi-
cial record and must prevail.

It is insisted, second, that the subject matter of said
subdivision "G" (which corresponds with subdivision
"G" of section 3 of said act of August 15, 1907) is not
expressed in the title of said act, in accordance with
section 45 of the Constitution of 1901.   The title of
said act is: "To amend sections 2, 3, 4, 5, 7, 8, 9, 10,
11, 12, 13, 16, 17, and 19 of, and to add sections 9½,
16½, 17½, 24, and 25 to, an act entitled 'An act to
amend, reconstruct, and provide for the enforcement
of the laws relating to public health,' approved Octo-

ber 9, 1903." Sections 3 of said act of 1903 gives the state board of health general powers with regard to the enforcement of the laws relating to public health, and gives said board the right to inspect all public schools, hospitals, asylums, jails, poorhouses, etc.; and section 4 authorizes the county boards to supervise the administration of health laws in their respective counties, together with a number of similar powers, including the power and duty to exercise "special supervision over the sanitary conditions of public schools, hospitals, opera houses, theaters, and asylums, courthouses, jails, workhouses, prisons, markets, public dairies, and slaughter pens or houses," to elect a health officer, and also to elect a health officer for cities, whose salary shall be fixed by the city.—Acts 1903, p. 500. Section 3 of the act of August 15, 1907, amends section 4, among other things, by incorporating therein subdivision "G." authorizing said county boards of health "to elect physicians to attend the inmates of the county poorhouse and jail, and to fix the term of office of such physicians * * * provided * * * that the court of county commissioners or board of revenue shall fix fair salaries for such physicians," etc.

It is unnecessary to repeat the numerous decisions of this court as to the objects of that provision of our Constitution, to the effect that much must be left to the discretion of the Legislature in framing the titles of its acts, provided that the same are not deceptive or misleading; that the requirement is not to be so exactingly enforced as to cripple legislation; that the title may be very general, and need not specify every clause of the statute, but the requirement of the Constitution is met if they are all referable and cognate to the subject expressed; and, "when the subject is expressed in gen-

eral terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it."— *Ballentyne v. Wickersham,* 75 Ala. 533; *Ex parte James Gayles,* 108 Ala. 514, 516, 19 South. 12; *Lindsay v. United States Savings & Loan A'ss'n,* 120 Ala. 156, 176, 24 South. 171, 42 L. R. A. 783; *Ex parte Mayor and Aldermen of Birmingham,* 116 Ala. 186, 189, 22 South. 454.

We have held that "an act to create a new convict system," and to provide for its government, etc., could not provide what sentence the courts shall impose in certain cases, because that is not a part of the convict system (*Brown v. State,* 115 Ala. 74, 78, 22 South. 458 et seq.); also that "an act to regulate the fine and forfeiture fund, * * * and to better provide for the payment of claims against the same," could not contain a provision requiring the county to appropriate out of its general fund a certain sum to the fine and forfeiture fund, because the fine and forfeiture fund is a recognized, distinct, and separate fund, and the title did not give any intimation that the general fund of the county was to be invaded (*Sanders v. Court of County Com'rs.* 117 Ala. 543, 546, 547, 23 South. 788); and also that "an act to provide for the organization, incorporation, government, and regulation, of cities and towns, and to define" their rights, etc., could not legally include a provision requiring the courts of county commissioners to pay over to the cities one-half the amounts collected on road and bridge taxes on property located within the municipality, because the title of the act related only to the organization, etc., of cities and towns, and said provision related solely to the duties of boards of

revenue of the counties.—*State v. Miller*, 158 Ala. 59, 48 South. 496. The title of the act in question being simply to amend certain sections of a previous act, a reference to said previous act is necessary in order to ascertain what were the subjects treated of therein and whether the section objected to is so foreign to the provisions of that act as to render its inclusion a deception or surprise to the members of the Legislature or to the people.

Section 4 of said original act provided (as has been stated) that the salaries of the health officers, selected by the board, shall be fixed by the respective cities; and section 8 of said act provides that the salary of the county health officers selected by the board shall be fixed by the county commissioners or boards of revenue, and fixes a minimum salary, according to the population of the county. While the original act does not specifically mention poorhouses, except in providing for inspection by the state board, yet it does mention jails, and the general provisions of the act show an intention to confer upon the county boards of health a general supervision of all the public institutions of the county. An amendatory act, then, it might naturally be supposed, would include another county institution, which, while not within the letter, is within the spirit, of the original act. In looking after said institutions and supervising their sanitary conditions, the further provision is naturally suggested of having the health officer or some other competent physician to attend the inmates, and thus detect the first appearance of infectious diseases; and as the act had already provided that the health officer's salary should be fixed by the board of revenue, it does not seem foreign to the act, which it is

proposed to amend, to provide for the salary of the physician who is to attend said inmates in the same way. These provisions differentiate the act in question from the acts referred to in cases cited, in which a different conclusion was reached, and we hold that subdivision "G" of section 3 of the act of August 15, 1907, is not violative of section 45 of the Constitution of 1901.

It is unnecessary to decide whether or not, under the local act of 1856, the board of revenue might, in the exercise of its general powers, select a physician to attend the inmates of the jail and poorhouse. That act does not specifically confer that power nor require that duty; hence there is no necessary repugnance between that act and the one in question, so it is not necessary to decide whether or not that act is superseded by the act of 1907.

There is no force in the contention that mandamus is not the proper remedy, as the fixing of a fair salary is discretionary. It is not sought to control or direct their discretion but merely to require the board to act. It is left to their discretion what salary to fix, and in exercising their discretion they can consider all the circumstances, the services to be rendered, whether or not the same physician is receiving a salary as county health officer, etc.

It seems to have been the intention of the Legislature to make some change in section 8, which provides for the payment of the salary of the county health officer, as that is mentioned in the title among the sections to be amended; but there is no provision in the act amending section 8, so it remains.

There is no force in the suggestion that quo warranto, and not mandamus, is the proper remedy, because

the office in question is now held by Dr. Ward, and the effect of this proceeding would be to oust him. The petition does not seek to oust Dr. Ward, and he does not claim to hold the office. Dr. Ward was elected by the board of revenue and road commissioners "county physician," and after the petition in this case had been presented, and the board of revenue had refused to act on it, the previous minute was amended so as to state that he was elected to attend the inmates of the poor-house and jail.

The plain mandate of the statute is that, when the physician is elected by the board of health, the board of revenue shall fix the salary; and it is only sought to require them to act under that requirement. The right of Dr. Ward to hold the office to which he was elected, or the question as to whether there is any authority of law for his appointment, is not involved.

The law does not require the physician elected by the county board of health to notify the board of revenue of his acceptance of the office before the salary is fixed; hence it is no reason for the refusal of the board to act that they had not been so notified.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.