(102 So. 216)

## Ex parte NEWSOME. (3 Div. 685.)

(Supreme Court of Alabama. Nov. 20, 1924.)

1. Criminal law ⚖=202(6)—Conviction for contributing to delinquency of girl not defense to prosecution for refusal to support child, on ground of former jeopardy.

In prosecution under Gen. Acts 1919, p. 177, § 2, for refusal to support child, conviction for contributing to delinquency of mother of such child was not defense, under Const. 1901, § 9, on ground of former jeopardy; offenses being distinct.

2. Parent and child ⚖=3(3)—Court may require parent to support child, pending appeal from order for such support.

Under Gen. Acts 1919, p. 180, § 4, court can legally fix reasonable amount to be paid by

parent for support of child, pending appeal from order requiring such support.

**3. Parent and child ☞3(3)—Judgment one refusing to pay for support of child pending appeal from decree for such support was in contempt held error.**

Holding person failing to pay for support of child as ordered pending appeal in contempt was error, since, on failure to comply with order, he should on proper application be cited to appear and show cause why he should not be adjudged in contempt.

**4. Bastards ☞17½ — Father of illegitimate child not liable for its support; "parent."**

Under Gen. Acts 1919, p. 177, § 2, punishing parent who refuses to support child, section 10, relating to evidence required to prove lawful parenthood of such child, and section 11, giving act liberal construction, father of illegitimate child is not required to contribute to its support, nor to support, pending appeal from order requiring support; he not being "parent" of such child, as term is used in statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Parent.]

**5. Bastards ☞17½ — Father of illegitimate child liable for its support only in bastardy proceedings.**

Father of illegitimate child can be forced to support such child only in mode prescribed by statutes for bastardy proceedings. Code 1907, §§ 6364–6368.

**6. Bastards ☞17½—Father of illegitimate child, charged with nonsupport by warrant prior to taking effect of statute making him liable, held not liable.**

Under Const. 1901, § 7, prohibiting punishment, except by law, promulgated prior to offense, where warrant charging nonsupport of child contrary to Gen. Acts 1919, p. 177, § 2, was issued August 13, 1924, and Code 1923, § 4479, defining "parent" as used in section 4480, Gen. Acts 1919, p. 177, § 2, as including father of illegitimate child, did not go into effect until August 17th following, father of illegitimate child was not liable for its support.

**7. Bastards ☞1—Child born out of wedlock is "bastard."**

Child born out of wedlock is bastard.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bastard.]

**8. Prohibition ☞10(2)—Will issue to prevent punishment for contempt in refusal to obey illegal order of court.**

Where order, based on Gen. Acts 1919, p. 177, § 2, to contribute to support of illegitimate child pending appeal, was illegal, prohibition will issue to prevent collection of specified sum and punishment for contempt for refusal to pay.

Original petition by Jesse Newsome for writ of prohibition to H. M. Blue, as Judge of the Juvenile Court of Montgomery County. Demurrers overruled, and writ granted.

Brassell & Brassell, of Montgomery, for petitioner.

If petitioner was guilty of anything, it was bastardy. The act creating the juvenile court does not confer jurisdiction in such case. Acts 1920, p. 76; Code 1923, §§ 3416, 3439; Moore v. State, 71 Ala. 307; 12 C. J. 961. Petitioner was entitled to an appeal to the circuit court without being penalized. Frank v. Mangum, 237 U. S. 309; Arzumanian v. Birmingham, 165 Ala. 374, 51 So. 645. The petition is not subject to demurrer.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for respondent.

The respondent did not exceed his jurisdiction in requiring support of the child pending appeal. Acts 1919, p. 180; State ex rel. v. Murphy, 207 Ala. 290, 92 So. 661. The word "parent," as used in the statute, is broad enough to cover the father of a child born out of wedlock. McBride v. Sullivan, 155 Ala. 166, 45 So. 902. Code 1923, §§ 3437, 9299.

MILLER, J. This is a petition for writ of prohibition presented by Jesse Newcome to this court to prohibit the judge of the juvenile court of Montgomery from collecting from him $2 per week for the support of his alleged child, pending an appeal to the circuit court from a judgment of conviction of petitioner for the nonsupport of the child, and to prevent the judge from punishing him for contempt, upon his failure to pay the $2 weekly, pending the appeal. The judge of the juvenile court demurs to, and without waiving it answers, the petition.

It appears from the petition and the admissions of the answer that petitioner, Jesse Newsome, was arrested under warrant issued by this judge on affidavit charging that he aided, encouraged, or caused, or contributed in causing, Martha King, a female under 18 years of age, to become dependent, neglected, or delinquent. The affidavit on which the warrant issued was sworn out by Martha King on April 14, 1924. He was tried on June 2, 1924, by this juvenile court, convicted of this offense, and "fined $100 and sentenced to 12 months' hard labor for the county, same suspended, if marriage takes place." The petitioner on June 11, 1924, appealed from this judgment to the circuit court of Montgomery county, and gave bond for his appearance in that court. On August 13, 1924, Martha King by affidavit charged the petitioner with nonsupport of her, his wife, and nonsupport and maintenance of his child. He was arrested on this charge, and was tried on August 30, 1924, in the juvenile court. The petitioner pleaded former jeopardy, the conviction for the offense of "contributing to the delinquency" of Martha King in abatement of this charge—on which

issue the court found in favor of the state—and on the plea of not guilty found the defendant guilty, fined him $100, and sentenced him to perform hard labor for the county for a period of 12 months as additional punishment for the offense. He appealed to the circuit court from this judgment on August 30, 1924, and gave bond for his appearance in that court. After this appeal was taken the court ordered, on motion of the probation officer, that Jesse Newsome, pending his said appeal to the circuit court for the support of his alleged offspring, "pay to this court the sum of $2 per week pending said appeal, that said payments shall be made commencing Monday, September 1, 1924, upon his failure so [to] do, that he is in contempt of court."

It appears, as admitted, that Martha King and Jesse Newsome were never married, each is single, each is under 18 years of age, and that Martha King has one child (a baby), the child in question; and, on the hearing of these criminal charges from the evidence, the court found that Jesse Newsome was the father of the illegitimate child.

This petitioner by this petition seeks to secure a permanent writ of prohibition to prevent the judge of the juvenile court from collecting from him this $2 per week for the support of this alleged illegitimate child, pending this appeal, and to prevent him from imprisoning him for contempt of court upon his failure to pay it; and petitioner contends that he is entitled to it on five grounds, viz.: (1) He was improperly convicted of this last offense, as he was found guilty thereof in the first offense charged, and his plea of former jeopardy should have been sustained. (2) The court, without authority and unlawfully, required petitioner to pay $2 per week for the support of this illegitimate child, pending his appeal, and held him guilty of contempt of court if he failed to pay it. (3) The Act of 1919, p. 176, under which petitioner was tried and convicted, was repealed by the Act of 1920, p. 76, creating this juvenile court. (4) This Act of 1920, p. 76, contravenes section 45 of the Constitution of 1901, in that its title contains one subject and its body more than one subject. (5) This is a local law for Montgomery county, passed under the guise of a general law, on population basis of counties, and was not advertised, as required by section 106 of the Constitution of 1901, and and is therefore unconstitutional and void.

[1] We will discuss and consider the contentions of the petitioner in the order named above. The first offense for which he was convicted was "contributing to the delinquency" of Martha King, a girl under 18 years of age, unmarried. The second offense for which he was convicted was the nonsupport of his minor child, as the statute provides. These two offenses are distinct and separate; they grow out of separate acts, or failing to act. The former is an offense for an act contributing to the delinquency of a girl under 18 years of age (the elements constituting it are set out in the statute), and the latter is for failing to act, willfully neglecting, or refusing to provide, as a parent, for the support and maintenance of his child under 18 years of age, without lawful excuse, it being then and there in destitute or necessitous circumstances. The former concerns a girl, the mother of the child; the latter concerns the child, and both offenses are prescribed separately by the statutes. The petitioner could be guilty of one and not guilty of the other. They are not the same offenses. The court did not err in finding in favor of the state on the pleas of former jeopardy filed by the defendant, the petitioner. Moore v. State, 71 Ala. 307; section 9, Const. of 1901, p. 233, vol. 1, Code 1923, and authorities there cited.

[2, 3] The petitioner appealed to the circuit court from the conviction of both offenses. Did the court err in ordering that, pending the appeal in the last case, nonsupport of the child, he pay $2 per week for its support, and, "upon his failure so [to] do, that he is in contempt of court?"

This statute (section 4, p. 180, Acts 1919) specially provides:

"The judge of said court may enter such temporary orders as may seem just, providing for the support of the neglected wife or children, or both, pendente lite, and may punish for violation of such order as for contempt, as provided by law for the punishment of contempts of the court in which such case is pending."

This court, in State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 So. 661, held this section (section 4 of the Acts of 1919, p. 180) did not violate the defendant's right, under the Constitution, to a jury trial, and that the court could thereunder provide for the support of the neglected child pending an appeal from a judgment of conviction. So, under this section and authority, we must hold the court could legally fix a reasonable amount to be paid by a parent for the support of his child pending an appeal; the amount fixed to be suitable to the parent's estate and the condition in life of the parties. The court erred in holding petitioner guilty of contempt of court, if he failed to pay the $2 weekly. If he failed to comply with the order, then he should, on proper application, be cited to appear and show cause, if any, why he should not be adjudged in contempt of court for failing to do so. He may have a legal excuse for failing to comply with the order to pay. This prejudges him—declares him guilty for failing to pay without giving him an opportunity in court to show cause, if any, for his failure. In that part of the order the court erred. Ex parte Cairns, 209 Ala. 358, h. n. 6, 96 So. 246; Ex parte Eubank, 206 Ala. 8, h. n. 4, 89 So. 656.

[4] Did the court err in requiring and ordering him to pay $2 per week for the support of this child, pending the appeal, when the evidence shows that the child is an illegitimate child of Martha King, an unmarried girl, and the petitioner is an unmarried boy, each under 18 years of age, although the court found that he was the father of the child? Can this court in this proceeding compel support, from the father for a bastard child? That part of the act (section 2, p. 177, General Acts 1919) pertinent reads:

"Any parent who shall, without lawful excuse desert or willfully neglect or refuse to provide for the support and maintenance of his or her child, or children, under the age of eighteen years * * * she or they being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor," etc.

It is also true that this act, in section 11, provides that it "shall be liberally construed in order to accomplish the beneficent purposes herein provided for." Did the Legislature in using this word "parent" in that part of section 2 of the act quoted intend thereby to include the father of a bastard child, the illegitimate father of a child? Section 10 of this act sheds light on the legislative design and purpose in using this word "parent." There we find the following:

"That no other evidence shall be required to prove marriage of such husband and wife, or that such person is the lawful father or mother of such child, or children, than is or shall be required to prove such facts in a civil action."

Thus it appears from the very act itself that the Legislature was providing statutes in regard to the husband and wife, or either, that were married, and for the lawful father or mother of such child or children, and was not aiming at or including in it the father of an illegitimate child.

[5] This court has frequently held that the father of a bastard is under no legal obligation to support him, and can be forced to do so only in the mode prescribed by the statute for bastardy proceedings. See sections 6364–6368, Code 1907. In Simmons v. Bull, 21 Ala. 504, 56 Am. Dec. 257, the court wrote:

"At the common law a bastard was said to be filius nullius. His natural father may die never so rich, and he may be upon the parish, yet he took none of his estate, unless left to him by will. In the absence of a statute, the father is under no legal obligation to support him; and the statute prescribes the mode, and the only mode, by which this support can be obtained."

The proceeding in that case was by bill in equity to provide support for a bastard child from the property in this state of his father, who had left the state to avoid statutory liability for its support. This court again, in discussing statutes of descent and distribution, as to the estate of bastards, in Ward v. Mathews, 122 Ala. 192, 25 So. 51, said:

"As to the father the decedent was nullius filius as at common law. But our statute changes that status and makes him the son of his mother. She is his only parent, and his only collateral kindred are ex parte materna."

Thus it appears that this court has held that a bastard has only one parent, the mother. This court again, in Lewis v. Crowell, 210 Ala. 199, 97 So. 691, declared:

"These children are bastards, illegitimate children, and the father is under no legal obligation to support them, in the absence of a statute requiring it."

[6] That part of section 2 of this act was incorporated in the Code 1923 as section 4480. It is true that section 4479, Code 1923, written by the code commissioner, approved by the Legislature as part of the Code, defines "parent," as used in section 4480, as including "the father of such child * * * though born out of lawful wedlock." This section 4479, defining "parent" as including "the father of a child born out of lawful wedlock," may, after its establishment and promulgation, make the father of such child guilty of a misdemeanor, if without lawful excuse he deserts or willfully neglects, refuses, or fails to provide for the support and maintenance of his child under the age of 18 years, if it is then and there in destitute or necessitous circumstances. But this section (4479, Code 1923) can have no controlling or persuasive effect on the offense charged in this affidavit and warrant issued under said section 2 of the Act of 1919, p. 177. This affidavit was made and this warrant, charging petitioner with nonsupport of this bastard child, was issued on August 13, 1924. The Code of 1923 did not go into effect until August 17, 1924. The word "parent" in this section 2 of the act (now section 4480, Code 1923), did not include, on August 13, 1924, the father of a bastard child. This statute (4479, Code 1923) was established and promulgated after the alleged offense was committed, and has no legal effect on this case. Section 7 of the Constitution of 1901 provides:

"No person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied."

[7] This child is a bastard. The petitioner is his illegitimate father. He is not liable in this proceeding for its support. He committed no criminal offense in failing to support the child, as defined by section 2 of this act (Gen. Acts 1919, p. 177). The word "parent," as used in that section (2), does not include and does not apply to the father of a bastard child. The petitioner is not liable for the support of this child, pending the appeal, as he is not its lawful father.

The court erred in ordering him (petitioner) to pay $2 per week for its support, pending the appeal. Authorities supra.

[8] It results that the demurrers of respondent to the petition must be overruled, and, under the facts appearing in the petition and answer, the writ of prohibition must issue.

The other contentions and questions presented by the petitioner, hereinbefore mentioned, are not reached; and it is unnecessary to discuss and decide them.

Let the demurrers to the petition be overruled, and the writ of prohibition issue, according to this opinion.

Demurrers overruled, and writ of prohibition granted.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.