(105 So. 698)

## JONES v. BLUE, Judge, etc. (3 Div. 504.)

(Court of Appeals of Alabama. May 28, 1925, Rehearing Denied June 30, 1925.)

I. Prohibition ⬳20—Application for writ based on alleged void judgment should contain certified copies of record of court whose judgment is attacked.

An application for writ of prohibition based on alleged void judgment should contain certified copies of record of court whose judgment is attacked.

2. Contempt ⬳64—Appellate court will not construe commitment to sheriff as commanding him to hold petition beyond term specified in judgment.

A commitment, directing sheriff to hold petitioner subject to further orders of court for contempt, will not be construed as commanding sheriff to hold petitioner beyond term specified in judgment of court punishing petitioner for such contempt.

3. Criminal law ⬳43—Pendency of divorce proceedings on equity side of circuit court no defense to criminal charge of nonsupport.

The pendency of divorce proceedings on equity side of circuit court *held* manifestly no defense to criminal charges of nonsupport.

Original petition of William Jones for writ of prohibition to H. M. Blue, as Judge of the Juvenile Court of Montgomery County. Writ denied.

Certiorari denied by Supreme Court in Ex parte Jones, 213 Ala. 549, 105 So. 700.

Brassell & Brassell, of Montgomery, for petitioner.

Respondent had no jurisdiction to try and convict petitioner for nonsupport or penalize him pending appeal to the circuit court. Acts 1920, p. 76. Petitioner was deprived of due process in that he was not cited to appear and show cause. 12 C. J. 1195; Ex parte Newsome, 212 Ala. 168, 102 So. 216; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Ex parte Eubank, 206 Ala. 8, 89 So. 656. Respondent lost control of the case when he approved the appeal bond. Code 1923, §§ 3837–3839, 3859.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for respondent.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petitioner could not prevent prosecution for nonsupport by filing a bill for divorce. The juvenile court has jurisdiction of the offense of nonsupport. Code 1923, §§ 4840, 4484, 4487; Ex parte Newsome, 212 Ala. 168, 102 So. 216; State v. Murphy, 207 Ala. 290, 92 So. 661. Petitioner is not deprived of due process. State v. Murphy, supra; Ex parte King, 27 Ala. 387; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379.

BRICKEN, P. J. The petition in this case, among other things, avers that on the 31st day of December, 1924, a warrant was issued by the judge of the juvenile court of Montgomery county, for the arrest of the petitioner for the offense of nonsupport. A copy of the affidavit and the warrant is attached to the petition and made exhibit thereto. It is further averred that petitioner was arraigned for trial on the 7th day of February, 1925, and was convicted of said offense. A copy of the judgment of the court is attached to the petition and made an exhibit thereto, and is in words and figures as follows:

"February 7, 1925. Upon hearing all the evidence in this case, the court is of the opinion that the defendant is guilty of the offense of nonsupport as charged, and it is the judgment of the court that the defendant is guilty of said offense and he is hereby fined the sum of $100 and sentenced to twelve (12) months hard labor for the county of Montgomery. It is further ordered that said sentence be and the same is hereby suspended, pending the payment of $4 per week to the clerk of the juvenile court, beginning February 15, 1925, and the entering into a probation bond in the sum of $208.

"The defendant being in open court with his counsel makes application for an appeal to the circuit court of Montgomery, from said judgment, which is hereby granted upon his entering into bond for his appearance in the sum of $200.

"Motion made in open court for the payment of said sum of $4 per week in presence of defendant pending said appeal, and said motion having been granted.

"H. M. Blue, Judge."

The petitioner further avers that the petitioner filed a bill against his wife, Abbie Jones, seeking a divorce on a statutory ground on the equity side of the circuit court of Montgomery county, Ala., and that his wife appeared in said court and filed an answer. Copy of the bill for divorce and the answer are also made exhibits to the petition. It does not appear from the petition or answer whether the bill for divorce was filed before or after the prosecution begun in the juvenile court of Montgomery county, although it is assumed in the briefs of counsel that the divorce proceedings were instituted prior to the criminal prosecution. It further appears from the petition that, after his conviction, the petitioner prayed an appeal from the judgment

of the juvenile court of Montgomery county, to the circuit court of said county, and executed an appeal bond that was approved by the judge of the juvenile court on the 7th day of February, 1925, and that after said appeal was granted, the judge of the juvenile court made an order requiring petitioner to pay to the clerk of the juvenile court the sum of $4 per week for the support of his wife pending the appeal to the circuit court. It further appears from the petition, that petitioner failed to pay this $4 per week, and that he was imprisoned as for contempt of the court for failure to do so.

It is averred in the petition that the judge of the juvenile court ordered the sheriff of Montgomery county to imprison petitioner on said charge of contempt, without first making an order citing petitioner to show cause, if any he had, why he should not be imprisoned for contempt of said court. Attached to the petition is what purports to be a copy of the alleged commitment, which is in words and figures as follows:

"To the Sheriff of Montgomery County: You will receive into your custody one William Jones charged with the offense of contempt, and hold him subject to the further orders of this court.

"By order of the juvenile court. This 5th day of April, 1925.

"[Signed] H. M. Blue,
"Judge of the Juvenile Court."

Petitioner prays that this court assume original jurisdiction of this cause to the end thereof that order be made releasing petitioner from imprisonment, and that a rule nisi be issued by this court or one of the judges, directed to the said H. M. Blue, as judge of the juvenile court of Montgomery county, requiring such judge to appear and show cause, if any he has, why he should not be required to release petitioner from imprisonment, and to further show cause, if any he has, why he should not be prohibited from interfering with petitioner's right of appeal to the circuit court of Montgomery county, Ala., and to further show cause, if any he has, why he, as such judge, should not be required to expunge the order requiring the petitioner to pay the sum of $4 a week pending his appeal to the circuit court from the minutes or dockets of the juvenile court. Upon presentation of the verified petition, one of the judges of this court ordered a rule nisi to issue as prayed. The judge of the juvenile court has filed his answer in which he states:

"Your respondent admits that said William Jones is now confined in the Montgomery county jail, and avers that he is lawfully confined in said jail under a judgment and order entered by your respondent, in words and figures as follows:

"'Nonsupport 115: Monday, April 6, 1925.

"'It appearing to the court that the said defendant has failed or refused to make the pay-

ment of $4 per week as required by the court, and defendant now in open court, upon being asked if he had anything to say why he should not be adjudged guilty of contempt, says nothing, and offers no excuse, it is therefore ordered and adjudged that the said defendant is guilty of contempt of court, and is sentenced to imprisonment in the county jail for a period of five days.        H. M. Blue, Judge.'

"Your respondent further admits and says that an order was made, citing petitioner to appear and show cause why he should not be adjudged in contempt of court, and that he was brought into court under and by virtue of said citation to show cause, and that he was accorded a judicial hearing and that your respondent, in his judicial capacity, adjudged him in contempt of court, and entered the foregoing judgment.

"Having fully answered said petition, respondent prays that the rule nisi be discharged."

This answer is verified from the affidavit of the judge.

[1, 2] From the foregoing statement of fact, it is apparent that the petition in this case is not as complete as it might be. Better practice requires that, in cases of this kind, the petition contain certified copies of the record of the court, whose judgment is attacked. The commitment adjudging petitioner in contempt of court is dated April 6, 1925. For aught appearing, the petitioner is now at liberty. The commitment above referred to, directing the sheriff to hold petitioner subject to further orders of the court will not be construed as commanding the sheriff to hold him beyond the term specified in the judgment of the court.

This court has recently had occasion to review the practice and procedure in contempt cases. It reviewed the authorities at some length in the case of Robertson v. State (Ala. App.) 104 So. 561.[1] No occasion appears for adding anything to what was there said. Many of the questions raised by the petitioner are disposed of adversely to him in Ex parte Newsome, 212 Ala. 168, 102 So. 216; State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 So. 661. The constitutional objections raised by petitioner are treated in Macon v. Holloway, 19 Ala. App. 234, 96 So. 933; Ex parte Newsome, 212 Ala. 168, 102 So. 216; State v. Blackwell, 16 Ala. App. 500, 79 So. 198; Mobile County v. State, 163 Ala. 441, 50 So. 972; State ex rel. Crenshaw v. Joseph, 175 Ala. 579, 57 So. 942, Ann. Cas. 1914D, 248; Revenue & Road Commissioners of Mobile County v. State ex rel. Campbell, 163 Ala. 441, 50 So. 972.

[3] The pendency of the divorce proceedings on the equity side of the circuit court of Montgomery county, Ala., is manifestly no defense to the criminal charge of nonsupport.

The writ of prohibition prayed for is denied.

