39 So.2d 392

GUY v. ROBISON, Judge.

6 Div. 829.

Supreme Court of Alabama.

Feb. 18, 1949.

Rehearing Denied March 31, 1949.

100

Curry & Curry and Patton & Robison, all of Carrollton, for appellee.

John A. Altman, of Carrollton, for appellant.

STAKELY, Justice.

This is an appeal from a judgment of the Circuit Court of Pickens County denying

a petition for writ of prohibition, mandamus or other remedial writ directed to the Hon. B. G. Robison as Judge of the Probate Court of Pickens County. The petition shows in substance the following.

In 1945 Estelle Guy was granted a divorce from James Albert Guy (petitioner) in the Circuit Court of Pickens County, in Equity. In the decree Estelle Guy was awarded the custody of the four minor children. In the decree she was also allowed $25.00 per month as alimony and for the support and maintenance of the children. Subsequently Estelle Guy married one Evans. Two of the children are now married. One of the children is now 16 years of age and lives with petitioner while James Alton Guy, the remaining child, is now 8 years of age and lives with his mother Mrs. Estelle Evans. A rule nisi was issued by the Circuit Court of Pickens County, in Equity, to James Albert Guy to show cause why he should not be adjudged guilty of contempt of court for not making payment in accordance with the decree. No decree, however, has been rendered in the contempt proceeding.

Estelle Evans made affidavit under § 90, Title 34, Code of 1940, charging that James Albert Guy without lawful excuse deserted or wilfully neglected or refused or failed to provide for the support and maintenance of his minor child James Alton Guy, the child being in destitute and necessitous circumstances. A trial was had on the affidavit and warrant before the Probate Court of Pickens County on the 5th day of July, 1948. Upon a hearing James Albert Guy was found guilty and fined $100 and sentenced to serve for 12 months at hard labor. The attorney for James Albert Guy thereupon announced that he wished to take an appeal from the decision of the probate court and asked the judge what bond would be required. The petition alleges that the judge stated that "he would be required to make a bond to pay to Estelle Evans the sum of $30 per month until the case was disposed of." A certificate was filed by James Albert Guy signed by a physician to the effect that he was under the professional care of the physician and was unable to work at the time.

On January 17, 1947, Estelle Evans filed another suit in the Circuit Court of Pickens County, in Equity, praying that her award of alimony made in 1945 be increased. This last mentioned suit is still pending. The present petition further alleges that petitioner is without property, that he is now unemployed and is not physically able to work and that being without property and being unemployed he is unable to make the bond to pay $30.00 per month during the pending appeal. Various alleged physical infirmities of petitioner are set forth in the petition.

The petition prayed that a rule nisi issue to the Hon. B. G. Robison as Judge of the Probate Court of Pickens County, Alabama, to show cause why he should not be prohibited from proceeding further in the said cause and requiring petitioner to pay to Estelle Evans $30 per month during the pendency of the appeal. The petition further prays that on a final hearing the court will grant a writ of prohibition, mandamus or other appropriate remedial writ ordering and directing the Hon. B. G. Robison, as Judge of the Probate Court of Pickens County, not to require petitioner to make the aforesaid bond to pay Estelle Evans $30 per month or any sum which petitioner is unable to pay.

I. It is contended that since the jurisdiction of the circuit court in equity had attached, the probate court was without jurisdiction to try the case. It is certainly correct that when two courts have concurrent jurisdiction, the first court which acquires jurisdiction of the same cause of action between the same parties shall proceed with it to final disposition and it cannot be deprived of the power so to proceed by a subsequent suit in another court of concurrent jurisdiction. Glazner v. Jenkins, 237 Ala. 262, 186 So. 475; Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93. This principle is not, however, applicable here. The same rights are not involved in the two suits, because in the equity suit it is the power of the court to declare and enforce the duty of the father to his child, while under § 90, Title 34, Code of 1940, it is the power of the state under its police power to punish a parent who willfully and without lawful excuse

102

allows his child to be in destitution. State v. Worthington, 227 Ala. 204, 149 So. 709; Jones v. Blue, Judge, 21 Ala.App. 48, 105 So. 698, certiorari denied, Ex parte Jones, 213 Ala. 549, 105 So. 700.

■ II. The petition alleges various deficiencies in the proof before the probate court. We have not set them forth in stating the substance of the petition, since prohibition is not the appropriate method for review of such alleged errors. The probate court undoubtedly had the power to proceed under § 90, Title 34, Code of 1940, to try James Albert Guy on the charge hereinabove set forth. Since the court was acting within the power conferred upon it by the statute, prohibition does not lie to correct errors of the type here mentioned. Ex parte Textile Workers Union of America, 249 Ala. 136, 30 So. 2d 247; Ex parte Cox, 230 Ala. 656, 162 So. 670.

■ III. It is insisted that prohibition or other remedial writ should issue because the probate judge stated with reference to the appeal bond that he would require James Albert Guy to make a bond to pay to Estelle Evans $30 per month pending the appeal. Where a conviction is obtained under § 90, Title 34, Code of 1940, an appeal from such conviction is provided for in § 95, Title 34, Code of 1940. According to this latter section the defendant pending such appeal shall be released from custody "upon his entering into bond, with sufficient sureties in such sum as the court may require, conditioned that he will appear at the present or next session of said circuit court, and from session to session thereafter to answer a complaint of desertion and nonsupport until discharged by due course of law". Also when a conviction has been had under § 90 and an appeal taken under § 95, Title 34, Code of 1940, the probate judge under the provisions of § 97, Title 34, Code of 1940, may "enter such temporary orders as may seem just, providing for the support of the neglected wife or children, or both, pendente lite * * *." The order, however, which is authorized under § 97 is quite separate and apart from the bond provided for in § 95. The legislature has seen fit to provide for the condition of the appeal bond. Obvious-ly the legislative enactment controls and another and different condition cannot be superadded to the bond. It is quite apparent that sureties might be secured who would be willing to guarantee the presence of the defendant in court and yet who would not be willing to underwrite an obligation to pay to the wife $30 per month. So it seems clear to us that the probate court could not require in the appeal bond that James Albert Guy pay to Estelle Evans $30 per month pending the appeal.

The record here contains only the following: the petition sworn to by the petitioner; the order of the court issuing the rule nisi to the probate judge and requiring him to show cause why the writ of prohibition should not issue; motion filed by the probate judge to quash the rule to show cause why writ of prohibition should not issue and to dismiss the petition; the judgment of the circuit court dissolving the temporary writ of prohibition, denying the permanent writ of prohibition and dismissing the cause.

It is insisted by the appellee that there is nothing to show any order or ruling made by the probate court because the record of the probate court is not attached to the petition or otherwise shown. See Kelton, Judge et al. v. Tavel, 174 Ala. 259, 56 So. 1021. Nor was any witness produced in the circuit court to testify dehors the record as to what took place in the probate court. See 42 Am.Jur. § 46, pp. 181, 182. It is true that the present record fails to show that the petitioner offered to make such proof by witness in the circuit court nor was the record in the probate court before the circuit court. But the petition filed by the petitioner was before the circuit court and there was no return made by the probate judge controverting the allegations of the petition. This court has held that a petition which states a cause of action is sufficient to authorize relief, unless controverted by the respondent. Gainer v. Board of Education of Jefferson County et al., 250 Ala. 256, 33 So.2d 880; Board of Education of Jefferson County v. State ex rel. Kuchins, 222 Ala. 70, 131 So. 239. See 50 C.J. p. 703.

■ Accordingly with nothing before it but the uncontroverted petition, we think

that the court should not have dismissed the petition. However, appropriate relief is not prohibition. The action of the court in requiring a bond, which was contrary to the statute, was beyond its discretion and mandamus will lie. Payne, Mayor v. Spragins et al., 207 Ala. 264, 92 So. 466.

Reversed and remanded.

BROWN, FOSTER and LAWSON, JJ., concur.