This is a modification of child support and arrearage case.
The parties were divorced on September 21, 1977. As part of the decree, the father was ordered to pay $10 per week for the support of their minor child. In 1983 a criminal nonsupport action was filed in district court, and the father was convicted of the offense. The district court placed the father on probation and ordered him to pay $15 per week to purge himself of the contempt. *Page 308 
On December 3, 1987, a contempt petition for nonpayment of support and a petition for modification of support were filed by the mother.
After an ore tenus hearing the trial court found the father in contempt for a $2,000 arrearage in child support, ordered the father to pay $25 per month to purge the contempt, and modified the support obligation by increasing the child support payments to $125 per month.
The mother appeals. We reverse.
In her brief the mother argues that the trial court abused its discretion in refusing to consider evidence of arrearage in the support obligation prior to the October 18, 1983, criminal nonsupport action. The mother also argues that the trial court erred in awarding the $2,000 arrearage because the only evidence presented indicated an arrearage of $2,102. We approach each issue separately.
 I
Did the trial court err to reversal in refusing to consider evidence of an arrearage prior to the criminal nonsupport proceeding?
It is well settled that child support payments ordered in a divorce decree become final judgments as of the due date and may be collected as other judgments, and payments which mature or become due before the filing of a petition for modification are immune from change. Petty v. Petty,479 So.2d 1288 (Ala.Civ.App. 1985).
At the hearing the trial court refused to admit evidence of any arrearage that had accrued prior to the October 18, 1983, order of the district court finding the father guilty of a criminal offense for failing to pay the support obligation ordered in the original divorce decree.
The trial judge ruled that any arrearage that had accrued prior to the October 18, 1983, district court order had been fully litigated and thus was res judicata. This was error.
For many reasons the 1983 order of the district court was not res judicata in the present proceeding, but one clear reason is that the prior 1983 action was criminal in nature.
 "The same rights are not involved in the two suits, because in the equity suit it is the power of the court to declare and enforce the duty of the father to [support] his child, while under [the criminal nonsupport statute], it is the power of the state under its police power to punish a parent who willfully and without lawful excuse allows his child to be in destitution."
Guy v. Robison, 252 Ala. 99, 101-02, 39 So.2d 392,394 (1949).
Here, the amount of arrearage that had accumulated prior to the 1983 district court order has never changed. But, more importantly, it has apparently not been paid. Thus, the refusal to admit and consider evidence on the amount of accrued arrearage prior to the October 18, 1983, criminal action constituted reversible error.
 II
Did the trial court err in reducing the amount of arrearage to $2,000 when the only evidence presented indicated an arrearage of $2,102?
As stated above, past-due installments of child support create final monied judgments as of the due date and may be collected as other judgments. Osborne v. Osborne,326 So.2d 766 (Ala.Civ.App. 1976). The trial court was presented uncontradicted evidence that the arrearage of child support amounted to $2,102. It was error for the trial court to arbitrarily "round off" this figure to $2,000, as the trial court stated.
This case is due to be reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., concurs.
INGRAM, J., recuses himself. *Page 309