This case involves post-divorce proceedings.
The parties were divorced in March 1979. As part of that divorce decree, the father was ordered to pay child support to the mother in the amount of $100 each two *Page 1321 
weeks for a period of one year and thereafter an amount of $125 every two weeks for the support and maintenance of the minor children of the parties.
The father failed to pay child support, and a rule nisi proceeding resulted in a judgment being entered against him for arrearage in October 1979, without a finding of contempt, based on an agreement submitted to the trial court which involved other modifications of the divorce decree regarding visitation and the sale of property.
Thereafter, a proceeding was filed in the Family Court (Juvenile Court) of Jefferson County styled State ofAlabama v. Sharpe, Nathaniel, Jr., wherein the father signed a "Probation Bond" on December 21, 1981, which contained a condition of probation that the father pay "the sum of $50 each two weeks . . . for the support of two children." There is nothing else in the record before us to indicate the disposition of this apparent non-support proceeding.
In July 1989, the mother again filed a petition for rule nisi and modification in circuit court, which was referred to the referee for a hearing and a report pursuant to Rule 35, Alabama Rules of Judicial Administration.
During this hearing the father contended that the lower amount of child support set in the nonsupport proceeding in the family court effectually modified the prior judgment of divorce as to child support and that he should only be liable for the reduced amount. The referee, in its findings and recommendations to the trial court, calculated the arrearage based on the divorce decree.
The father moved for a rehearing before the trial court, again contending that the divorce decree had been modified by the family court proceedings. After presenting argument on the motion for rehearing, which was denied, the attorneys stipulated that the record before the trial court was a correct reflection of the matters and things presented to the referee with the primary question being whether the family court proceedings modified the divorce decree.
The trial court confirmed the findings and recommendations of the referee, specifically held that the provisions of the divorce decree had not been modified by the family court proceedings, found the father to be in arrears in the sum of $27,277.50, plus interest, and entered judgment accordingly. This appeal followed.
The dispositive issue on appeal is whether the proceedings in the family court effectually modified the prior judgment of divorce rendered in the circuit court.
The father admits that he has failed to pay child support in accordance with either proceeding but contends the arrearage should be based on the lesser amount in the family court proceeding and not the amount awarded in the original divorce decree. He argues that § 38-10-7, Code 1975, allows the family court (juvenile court) to modify a divorce decree by reducing the father's child support obligation under a divorce decree because that statute affords the family court concurrent jurisdiction with the circuit court as to child support matters. We disagree.
Section 38-10-7, Code 1975, does provide that actions to enforce support obligations may be brought in either the juvenile court (family court in this case), district court, circuit court, or appropriate federal court, and concurrent jurisdiction is conferred upon the juvenile courts, district courts, and circuit courts involving paternity, desertion, nonsupport or support. This section also provides that these actions may be civil or criminal. However, these actions are different from an action to modify the amount of child support awarded under a divorce decree.
We find the rule in Alabama to be that if a divorce decree provides for child support, subsequent modifications are continuations or supplementary actions to the original divorce action, and any order of support issued by another court pursuant to § 38-10-7, Code 1975, does not supersede any previous order of support issued in a divorce action. SeeBrown v. Brown, 476 So.2d 114 (Ala.Civ.App. 1985). *Page 1322 
The original divorce decree was entered by the Jefferson County Circuit Court in 1979, and thereafter, modification of the child support was within the judicial discretion of the trial court upon a showing of a material change in circumstances occurring after the original decree was entered.Jones v. Jones, 462 So.2d 375 (Ala.Civ.App. 1984).
The father's other issue, regarding the failure to have an official court reporter, is presented for the first time on appeal. We do not consider issues which were not first raised before the trial court. Liles v. Liles, 380 So.2d 908
(Ala.Civ.App. 1980).
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.