ROBERTSON, Presiding Judge.
This is an appeal from a judgment by the trial court setting monthly child support payments pursuant to Rule 32, Alabama Rules of Judicial Administration.
The parties were divorced in June 1987. An agreement was entered into between the parties and ratified in the final judgment of divorce, which provided that the parties were to have joint custody of their three minor children. No child support payments were provided for in the judgment of divorce, but it provided that in the event either the mother or the father moved out of Ozark, Alabama, the remaining parent would have physical custody of the children.
In January 1989, the father left Ozark and moved to Opp, Alabama, and the mother retained physical custody of the children. An oral agreement between the parties provided that the father would pay for half of the children’s expenses. In August 1990, pursuant to a proceeding in the district court, the father agreed to and was ordered to make certain child support payments to the mother through the Department of Human Resources.
In June 1991, the father filed a petition for modification in the divorce case in circuit court in which he requested certain visitation rights. The mother then filed a counterclaim asking that the original divorce decree be modified to pirovide that the father pay child support in an amount to be determined by the child support guidelines.
Following an ore tenus proceeding, the trial court entered an order which, in pertinent part, provided that the father pay to the mother the sum of $585 per month as child support for the three minor children. This amount was calculated by the use of a child support guideline form and in compliance with Rule 32, A.R.J.A. The father was given some credit against this amount for the interest earned on the children’s trust funds that he had established for the children earlier.
The sole issue the father raises on appeal is whether the trial court erred as a matter of law in increasing the child support from the amount set in the district court proceeding. He argues that no evidence was presented concerning the increased needs or expenses of the children; therefore, the child support could not be modified.
The original divorce decree in this case was entered by the Dale County Circuit Court, which retained jurisdiction for any subsequent modification or setting of child support. The subsequent proceeding in district court was of no consequence to the circuit court divorce judgment as the district court was without any jurisdiction to *433 modify that divorce decree. Sharp v. Sharp, 578 So.2d 1320 (Ala.Civ.App.1990). We realize that district court judges may be temporarily assigned to circuit court to exercise circuit court jurisdiction, Rule 13, A.R.J.A., but the record does not reflect that to be the case here.
Consequently, this was an original setting of child support in this divorce case, and Rule 32 provides that the guidelines shall apply “in any action to establish ... child support.” (Emphasis added.)
This case is due to be affirmed. Each party’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.