This procedural morass was created when the parties moved between the circuit court and the district court in regard to the enforcement and modification of certain provisions of their divorce judgment. The procedural confusion appears to be partially due to the fact that from 1988 through August 1995, the same judge presided in various proceedings in this case as a circuit court judge, a special circuit court judge, and also as a district court judge. This assortment of roles apparently led to confusion over the jurisdictional limitations of the district court. I concur that the cause must be reversed; however, I note that, although the majority upholds the district court's 1994 determination of arrearage because of an untimely appeal, the district court's modification was unlawful because the district court was without jurisdiction tomodify the circuit court's divorce judgment. Sharp v. Sharp,578 So.2d 1320 (Ala.Civ.App. 1990). Consequently, if the district court's child support arrearage was calculated using the district court's invalid modification, then that portion of the arrearage calculation is incorrect.
 "Section 38-10-7, Code 1975, does provide that actions to enforce support obligations may be brought in . . . district court, circuit court, or appropriate federal court, and concurrent jurisdiction is conferred upon the juvenile courts, district courts, and circuit courts involving paternity, desertion, nonsupport or support. This section also provides that these actions may be civil or criminal. However, these actions are different from an action to modify the amount of child support awarded under a divorce decree.
 "We find the rule in Alabama to be that if a divorce decree provides for child support, subsequent modifications are continuations or supplementary actions to the original divorce action, and any order of support issued by another court pursuant to § 38-10-7, Code 1975, does not supersede any previous order of support issued in a divorce action. See Brown v. Brown, 476 So.2d 114
(Ala.Civ.App. 1985)."
Sharp, 578 So.2d at 1321.
Therefore, the district court has jurisdiction toenforce child support provisions of a divorce judgment, but it does not have jurisdiction to modify those provisions. Because the district court has concurrent jurisdiction to enforce the child support obligation, it logically follows that it also has the necessary power to calculate the child support arrearage. The district court's calculation of arrearage is subject to review by way of a timely appeal. In this case, however, the circuit court and this court are foreclosed from revisiting the district court's calculation because of the untimely appeal.
The divorce judgment and a valid 1990 modification were entered by the circuit court. The record reveals that the 1994 attempted modification occurred in district *Page 303 
court. This attempted modification of the child support provision was a nullity. See Heath v. Kelly, 602 So.2d 432
(Ala.Civ.App. 1992). See also Ex parte J.R.W., 630 So.2d 447
(Ala.Civ.App. 1992).
Because the district court did not have jurisdiction to reduce the child support obligation, the 1990 modification is effective until it expires or is modified by the circuit court.
CRAWLEY, J., concurs.