On Application for Rehearing

HOUSTON, Justice.
The opinion of February 14, 1997, is withdrawn and the following opinion is substituted therefor.
The State argues that the trial court lacked jurisdiction to enter its final order reinstating a prior order in which it purported to forgive Daniel E. Hamm (“the husband”) all of the child support arrearage that had accrued. However, because of our resolution of the case as set forth below, we pretermit any discussion on the issue of jurisdiction.
*450 Suffice it to say, without an in-depth discussion of the facts or the procedural history of this case, a recitation of which would serve no benefit to the bench and bar, the disposi-tive issue in this case is whether the trial court erred by forgiving the child support arrearage at issue.
Hamm and Felicia C. Lamon (“the wife”) were divorced on June 14, 1988. They had one minor child, who at the time of the divorce was one and one-half years old. Pursuant to an agreement incorporated in the divorce judgment, the wife was to have permanent custody of the minor child, with the husband having reasonable visitation rights, and the husband was to pay $30 a week for the support and maintenance of the child.
Although the trial court recognized that an arrearage for child support, pursuant to the divorce judgment, had accrued from September 21, 1987 (the date of the trial court’s order in a criminal nonsupport case in which the husband was ordered to pay $100 per month to fulfill his child support obligation), through April 6,1994 (the date of the filing of this petition for modification of child support and for a finding of contempt for nonpayment), and had not been paid, it nonetheless entered a judgment for the husband on January 23, 1995, purporting to forgive the husband all the support arrearage that had accrued for that period. The trial court based that decision on its finding that the husband had thought that if he complied with the trial court’s order for the lesser amount entered in the criminal nonsupport case, he would have fully complied with all of the trial court’s orders.
The trial court concluded that on April 6, 1994 (the date of the filing of the petition), the husband had been put on notice of his continuing obligation for child support under the divorce judgment. It therefore entered a judgment for the wife for the amount accruing from the filing of the petition on April 6, 1994, to the entry of the January 23, 1995, order, and ordered the husband to continue to pay $30 per week as child support in order to fully comply with the divorce judgment entered on June 14,1983.
The Court of Civil Appeals affirmed by an unpublished memorandum, State ex rel. Lamon v. Hamm, 683 So.2d 49 (Ala.Civ.App.1996) (table), citing, among other cases, Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987), and English v. English, 352 So.2d 454 (Ala.Civ.App.1977), both of which held that in an ore tenus case where a transcript of the testimony is not before the appellate court the evidence is conclusively presumed to support the findings of the court. Although the holdings in those cases were accurate applications of the law, those cases do not control this case.
In this case, the record on appeal contains no transcript of the testimony and no Rule 10(d), Ala.R.App.P., statement, and the findings contained in the trial court’s order from which this appeal is taken are not in dispute. Therefore, this Court must presume that those findings are correct. However, the State does not dispute the findings of fact contained in the trial court’s order based on the ore tenus hearing in this case; it maintains that the trial court misapplied the law to the facts. See, Griggs v. Driftwood Landing, Inc., 620 So.2d 582 (Ala.1993).
The trial court set out extensive findings of fact, which show that the husband believed that he was in full compliance with his child support orders, even though he was not in full compliance and had not been since 1987. In the judgment, the trial court awarded the wife only the amount of support that the husband had failed to pay after the filing of this action placed him on constructive notice that he was not in compliance; and it ordered him to continue paying the amount set in the original divorce judgment entered in 1983. These findings, which are conclusively presumed to be correct, show that the trial court purported to forgive the arrearage that had continued to accrue under the 1983 divorce judgment while the husband was paying a lesser amount pursuant to a 1987 order in a criminal nonsupport action, but held him responsible for all arrearage that had accrued after the present action was initiated on April 6,1994.
It is well settled that child support payments become final judgments on the day they are due and may be collected as any other judgment is collected; and that pay *451 ments that mature or become due before the filing of a petition to modify are not modifiable. See State ex rel. Howard v. Howard, 671 So.2d 83 (Ala.Civ.App.1995); Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994); Glenn v. Glenn, 626 So.2d 638 (Ala.Civ.App.1993); Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991); Barnes v. State ex rel. State of Virginia, 558 So.2d 948 (Ala.Civ.App.1990); Endress v. Jones, 534 So.2d 307 (Ala.Civ.App.1988). Furthermore, it is well settled that a trial court has no power to forgive an accrued arrearage. See, State ex rel. McDaniel v. Miller, 659 So.2d 640 (Ala.Civ.App.1995); Hardy v. Hardy, 600 So.2d 1013 (Ala.Civ.App.1992), cert. denied, Ex parte Hardy, 600 So.2d 1016 (Ala.1992). Although the trial court has the discretion to give the obligated parent credit for money and gifts given to the child or for amounts expended while the child lived with the obligated parent or a third party, it may not discharge child support payments once they have matured and come due under the divorce judgment. See, Frasemer v. Frasemer, supra. The fact that the wife took no action in the years between 1987 and 1994 does not alter these firmly established rules, because the doctrine of laches generally has no application in regard to past due child support payments under a valid divorce judgment. See, Davis v. State ex rel. Sledge, 550 So.2d 1034, 1035 (Ala.Civ.App.1989) (in which the Court of Civil Appeals held that the doctrine of laches would apply when the delay would make it difficult or impossible to do justice but noted that that principle “has no basis for application when dealing with past-due child support payments from a valid divorce decree”); Rudder v. Rudder, 462 So.2d 732 (Ala.Civ.App.1984). A criminal nonsupport action does not bar a party from subsequently seeking arrears that accrued before the filing of the criminal action. See, Endress v. Jones, supra. In addition, an order entered in a nonsupport proceeding that takes place outside the divorce action does not modify the prior divorce judgment as to child support. See, Sharp v. Sharp, 578 So.2d 1320 (Ala.Civ.App.1990).
The trial court’s findings show that at all times the husband was subject to a valid order that required him to pay child support and that an arrearage accrued from 1987 forward. Its order indicates that it refused to order payment of the arrearage accruing before April 6, 1994, because it found the husband’s confusion over the order to be innocent; it is clear that it did not find that no arrearage existed. Clearly, the court misapplied the law to the facts. The judgment is reversed and the cause is remanded with instructions for the trial court to determine the amount of arrearage plus interest due under the divorce judgment.
APPLICATION GRANTED; OPINION OF FEBRUARY 14, 1997, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, COOK, and SEE, JJ., concur.